UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM RAINSBERGER, | ) |
| | ) |
| PLAINTIFF, | ) Cause No. 1:16-cv-103 |
| | ) |
| v. | ) JURY TRIAL REQUESTED |
| | ) |
| CHARLES BENNER, | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

### I. Nature of Case

1. This lawsuit seeks money damages against a City of Indianapolis police officer for the false arrest and malicious prosecution of William Rainsberger.

### II. Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. §1983 and is premised on the fourth and fourteenth amendments to the United States Constitution. This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. §§1331 and 1343.

3. Venue is proper in this Court and Division, pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in, and the defendant is a resident of, Indianapolis, Indiana, which is located in the Indianapolis Division of the Southern District of Indiana.

### III. Parties

4. Plaintiff William Rainsberger is an adult resident of Indiana.

5. Defendant Charles Benner is an adult resident of Indiana and is a police officer employed by Defendant City of Indianapolis. He is sued in his individual capacity.

### IV. Facts

6. In 2013 William Rainsberger was 56 years old and took care of his elderly mother, who lived a few blocks away from where he and his brother lived.

7. Mr. Rainsberger had no criminal record and no motive to harm his mother.

8. On November 19, 2013 shortly afer 3:30 p.m., Mr. Rainsberger arrived at his mother's apartment and found her seriously injured by an unknown assailant.

9. Mr. Rainsberger telephoned 911 and reported that his mother had apparently been hit in the head and injured.

10. Mrs. Rainsberger eventually died from her injuries.

11. IMPD Detective Charles Benner was assigned to investigate the case.

12. Detective Benner failed to conduct a thorough investigation and instead incorrectly targeted Mr. Rainsberger.

13. Detective Benner misconstrued the evidence, and in his probable cause affidavit supporting Mr. Rainsberger's arrest and criminal charges, made false statements and concealed key evidence implicating an unidentified male in the attack and exonerating Mr. Rainsberger.

14. On May 22, 2014 Detective Benner swore under oath in an Information charging Mr. Rainsberger with Murder that Mr. Rainsberger "did knowingly kill another human being, namely Ruth Rainsberger, by inflicting blunt force injuries with a hammer or similar object, at and against the person of Ruth Rainsberger, thereby inflicting mortal injuries upon Ruth

Rainsberger, causing Ruth Rainsberger to die."

15. Detective Benner's allegation was false.

16. Detective Benner procured Mr. Rainsberger's arrest and prosecution by misleading the prosecutor and the court.

17. Detective Benner's Probable Cause Affidavit contained omissions of exculpatory evidence and fabrication of inculpatory evidence.

18. In his probable cause affidavit, Detective Benner misrepresented that Mr. Rainsberger was in his mother's apartment during the time period she was attacked and well before he telephoned 911 to report her injuries.

19. In his probable cause affidavit, Detective Benner misrepresents that nothing of value was stolen from the apartment, in an apparent attempt to eliminate a robbery as a motive for the attack, when in truth prescription drugs, a purse and jewelry were stolen.

20. Detective Benner falsely stated in his probable cause affidavit that there were savings bonds in Mrs. Rainsberger's open lockbox in plain view in the apartment, implying that robbery could not have been the motive for the attack.

21. In truth, the lockbox was not in plain view in the apartment, and there were never any savings bonds.

22. In his probable cause affidavit Detective Benner misrepresents that after the attack on his mother, a video from a surveillance camera in a Kroger grocery store located near his mother's apartment, showed Mr. Rainsberger disposing of a "straight object" "pulled from his person" while he "look[ed] around for cameras."

23. In truth the video shows Mr. Rainsberger at the Kroger store *prior* to going to his mother's

house, and only throwing away trash, not a "straight object" weapon, and not looking around for cameras.

24. Detective Benner viewed but failed to secure additional video surveillance from the Kroger parking lot camera which demonstrated that Mr. Rainsberger was carrying trash, not a weapon. The video was subsequently destroyed.

25. In his probable cause affidavit Detective Benner failed to disclose that DNA evidence taken from Mrs. Rainsberger's jacket was from an unidentified male.

26. In his probable cause affidavit Detective Benner failed to disclose that tests upon the DNA evidence taken from Mrs. Rainsberger's jacket excluded the DNA as coming from Mr. Rainsberger.

27. In his probable cause affidavit, Detective Benner falsely stated that Mr. Rainsberger showed no signs of concern for their mother's health while she was at the hospital before she died.

28. Based upon Detective Benner's false and misleading allegations, Mr. Rainsberger was arrested on May 27, 2014 and charged with murder.

29. The prosecutor's charge of murder against Mr. Rainsberger were based upon Detective Benner's affidavit of probable cause.

30. Mr. Rainsberger was confined in jail on pretrial detention from May 27, 2014 to July 22, 2014.

31. Mr. Rainsberger hired criminal defense counsel who investigated the evidence and exposed Detective Benner's falsehoods.

32. On July 7, 2015 the Marion County Prosecutor, citing "evidentiary problems," moved to dismiss the charges against Mr. Rainsberger, a motion which the Marion Superior Court

granted the same day.

33. Mr. Rainsberger suffered damages as a result of these events in the form of physical discomfort, loss of liberty, public embarrassment and humiliation, emotional distress, damage to his good name and reputation, loss of economic opportunities, and attorney fees and costs.

34. At all times relevant, Detective Benner was acting under color of state law.

35. At all times relevant, Detective Benner was employed by the City of Indianapolis and acted within the scope of his employment.

### V. Claims

36. Defendant Benner's actions constitute an unlawful seizure, in terms of the lack of probable cause for the arrest of Mr. Rainsberger, in contravention of the fourth amendment, actionable pursuant to 42 U.S. C. § 1983.

37. Defendant Benner's actions constitute an unreasonable and/or a malicious prosecution, in violation of the fourth and/or fourteenth amendments, actionable pursuant to 42 U.S.C. § 1983.

38. Plaintiff reserves the right to proceed with any and all claims which the facts averred in this Complaint support, pursuant to the notice pleading requirement of Federal Rule of Civil Procedure 8.

### VI.  Jury Trial Requested

39. William Rainsberger requests a jury trial on his claims.

## VII.  Relief Requested

40. William Rainsberger seeks all relief available under the law, including compensatory and punitive damages, attorney fees and costs, and all other appropriate relief.

                                              Respectfully submitted,

Dated: January 12, 2016                  */s/ Richard A. Waples*
                                              Richard A. Waples
                                              Attorney for Plaintiff

**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, Indiana 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com