UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM RAINSBERGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:16-cv-103-WTL-MJD ) |
| CHARLES BENNER, | ) JURY TRIAL REQUESTED ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

Defendant Charles Benner, by counsel, hereby answers Plaintiff William Rainsberger's Complaint. Defendant notes that for ease of reference, the allegations of Plaintiff's Complaint are set forth verbatim with Defendant's responses following each allegation.

**ANSWER**

**I.   Nature of Case**

1. This lawsuit seeks money damages against a City of Indianapolis police officer for the false arrest and malicious prosecution of William Rainsberger.

    **ANSWER:** Defendant admits that Plaintiff seeks money damages against a City of Indianapolis police officer but deny that Plaintiff is entitled to any relief. Defendant denies the remaining material allegations in paragraph 1 of Plaintiff's Complaint.

## II.  Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. §1983 and is premised on the fourth and fourteenth amendments to the United States Constitution. This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. §§1331 and 1343.

> **ANSWER:** Defendant admits that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 with the federal statutory claim premised on a violation of the fourth and fourteenth amendments to the United States Constitution. To the extent there are allegations that require a response in paragraph 2 of Plaintiff's Complaint; Defendant denies the allegations.

3. Venue is proper in this Court and Division, pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in, and the defendant is a resident of, Indianapolis, Indiana, which is located in the Indianapolis Division of the Southern District of Indiana.

> **ANSWER:** Defendant admits that venue is proper. To the extent Plaintiff seeks any relief in his Complaint; Defendant denies Plaintiff is entitled to any relief. To the extent there are allegations that require a response in paragraph 3 of Plaintiff's Complaint; Defendant denies the allegations.

## III.  Parties

4. Plaintiff William Rainsberger is an adult resident of Indiana.

> **ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the material allegations in paragraph 4 of Plaintiff's Complaint and, therefore deny said allegations.

5. Defendant Charles Benner is an adult resident of Indiana and is a police officer employed by Defendant City of Indianapolis. He is sued in his individual capacity.

> **ANSWER:** Defendant admits that Defendant Charles Benner is an adult resident of Indiana and is a police officer employed by the City of Indianapolis in its Indianapolis Metropolitan Police Department. To the extent there are remaining allegations that require a response in paragraph 5 of Plaintiff's Complaint; Defendant denies the allegations.

## IV.    Facts

6. In 2013 William Rainsberger was 56 years old and took care of his elderly mother, who lived a few blocks away from where he and his brother lived.

    **ANSWER:** Defendant admits that an interview of Plaintiff revealed that Plaintiff was 56 years old in 2013, that Plaintiff stated that he had been taking care of his mother for the past few years and that Plaintiff's mother lived approximately one-half mile from where Plaintiff and his brother lived.

7. Mr. Rainsberger had no criminal record and no motive to harm his mother.

    **ANSWER:** Defendant admits that prior to November 19, 2013, Plaintiff had no criminal record. Defendant denies the remaining material allegations in paragraph 7 of Plaintiff's Complaint.

8. On November 19, 2013 shortly after 3:30 p.m., Mr. Rainsberger arrived at his mother's apartment and found her seriously injured by an unknown assailant.

    **ANSWER:** Defendant admits that on November 19, 2013, IMPD 911 dispatch received a call from the address of 801 N. Shortridge Road, Apartment H11, that the caller said that his mother had been "attacked" and that someone had "bashed" his mother's head in, and that the caller was identified as William Rainsberger.

9. Mr. Rainsberger telephoned 911 and reported that his mother had apparently been hit in the head and injured.

    **ANSWER:** Defendant admits that IMPD 911 dispatch received a call from the address of 801 N. Shortridge Road, Apartment H11, that the caller said that his mother had been "attacked" and that someone had "bashed" his mother's head in, and that the caller was identified as William Rainsberger.

10. Mrs. Rainsberger eventually died from her injuries.

    **ANSWER:** Defendant admits that an autopsy of Mrs. Rainsberger, Plaintiff's mother, determined that the cause of death was due to multiple blunt force trauma injuries to the head and that the manner was ruled a Homicide.

11. IMPD Detective Charles Benner was assigned to investigate the case.

    **ANSWER:** Defendant admits that he was assigned to investigate the case.

12. Detective Benner failed to conduct a thorough investigation and instead incorrectly targeted Mr. Rainsberger.

    **ANSWER:** Defendant denies the material allegations in paragraph 12 of Plaintiff's Complaint.

13. Detective Benner misconstrued the evidence, and in his probable cause affidavit supporting Mr. Rainsberger's arrest and criminal charges, made false statements and concealed key evidence implicating an unidentified male in the attack and exonerating Mr. Rainsberger.

    **ANSWER:** Defendant denies the material allegations in paragraph 13 of Plaintiff's Complaint.

14. On May 22, 2014 Detective Benner swore under oath in an Information charging Mr. Rainsberger with Murder that Mr. Rainsberger "did knowingly kill another human being, namely Ruth Rainsberger, by inflicting blunt force injuries with a hammer or similar object, at and against the person of Ruth Rainsberger, thereby inflicting mortal injuries upon Ruth Rainsberger, causing Ruth Rainsberger to die."

    **ANSWER:** Defendant admits that the Information referenced in paragraph 14 of Plaintiff's Complaint speaks for itself.

15. Detective Benner's allegation was false.

> **ANSWER:** Defendant denies the material allegations in paragraph 15 of Plaintiff's Complaint.

16. Detective Benner procured Mr. Rainsberger's arrest and prosecution by misleading the prosecutor and the court.

> **ANSWER:** Defendant denies the material allegations in paragraph 16 of Plaintiff's Complaint.

17. Detective Benner's Probable Cause Affidavit contained omissions of exculpatory evidence and fabrication of inculpatory evidence.

> **ANSWER:** Defendant denies the material allegations in paragraph 17 of Plaintiff's Complaint.

18. In his probable cause affidavit, Detective Benner misrepresented that Mr. Rainsberger was in his mother's apartment during the time period she was attacked and well before he telephoned 911 to report her injuries.

> **ANSWER:** Defendant denies the material allegations in paragraph 18 of Plaintiff's Complaint.

19. In his probable cause affidavit, Detective Benner misrepresents that nothing of value was stolen from the apartment, in an apparent attempt to eliminate a robbery as a motive for the attack, when in truth prescription drugs, a purse and jewelry were stolen.

> **ANSWER:** Defendant denies the material allegations in paragraph 19 of Plaintiff's Complaint.

20. Detective Benner falsely stated in his probable cause affidavit that there were savings bonds in Mrs. Rainsberger's open lockbox in plain view in the apartment, implying that robbery could not have been the motive for the attack.

> **ANSWER:** Defendant denies the material allegations in paragraph 20 of Plaintiff's Complaint.

21. In truth, the lockbox was not in plain view in the apartment, and there were never any savings bonds.

> **ANSWER:** Defendant denies the material allegations in paragraph 21 of Plaintiff's Complaint.

22. In his probable cause affidavit Detective Benner misrepresents that after the attack on his mother, a video from a surveillance camera in a Kroger grocery store located near his mother's apartment, showed Mr. Rainsberger disposing of a "straight object" "pulled from his person" while he "look[ed] around for cameras."

> **ANSWER:** Defendant denies the material allegations in paragraph 22 of Plaintiff's Complaint.

23. In truth the video shows Mr. Rainsberger at the Kroger store *prior* to going to his mother's house, and only throwing away trash, not a "straight object" weapon, and not looking around for cameras.

> **ANSWER:** Defendant denies the material allegations in paragraph 23 of Plaintiff's Complaint.

24. Detective Benner viewed but failed to secure additional video surveillance from the Kroger parking lot camera which demonstrated that Mr. Rainsberger was carrying trash, not a weapon. The video was subsequently destroyed.

> **ANSWER:** Defendant denies the material allegations in paragraph 24 of Plaintiff's Complaint.

25. In his probable cause affidavit Detective Benner failed to disclose that DNA evidence taken from Mrs. Rainsberger's jacket was from an unidentified male.

> **ANSWER:** Defendant denies the material allegations in paragraph 25 of Plaintiff's Complaint.

26. In his probable cause affidavit Detective Benner failed to disclose that tests upon the DNA evidence taken from Mrs. Rainsberger's jacket excluded the DNA as coming from Mr. Rainsberger.

> **ANSWER:** Defendant denies the material allegations in paragraph 26 of Plaintiff's Complaint.

27. In his probable cause affidavit, Detective Benner falsely stated that Mr. Rainsberger showed no signs of concern for their mother's health while she was at the hospital before she died.

> **ANSWER:** Defendant denies the material allegations in paragraph 27 of Plaintiff's Complaint.

28. Based upon Detective Benner's false and misleading allegations, Mr. Rainsberger was arrested on May 27, 2014 and charged with murder.

> **ANSWER:** Defendant admits that Plaintiff was arrested on May 27, 2014, and that the charge for Plaintiff's arrest was homicide.

29. The prosecutor's charge of murder against Mr. Rainsberger were based upon Detective Benner's affidavit of probable cause.

> **ANSWER:** Defendant admits that the affidavit of probable cause referenced in paragraph 29 of Plaintiff's Complaint speaks for itself.

30. Mr. Rainsberger was confined in jail on pretrial detention from May 27, 2014 to July 22, 2014.

> **ANSWER:** Defendant admits that Plaintiff was confined in jail on pretrial detention. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining material allegations in paragraph 30 of Plaintiff's Complaint.

31. Mr. Rainsberger hired criminal defense counsel who investigated the evidence and exposed Detective Benner's falsehoods.

> **ANSWER:** Defendant admits that Plaintiff was represented by criminal defense counsel. Defendant is without sufficient knowledge or information to form a belief as to the truth of the material allegation regarding whether Plaintiff's criminal defense counsel conducted an investigation and, therefore deny said allegation. Defendant denies the remaining material allegations in paragraph 31 of Plaintiff's Complaint.

32. On July 7, 2015 the Marion County Prosecutor, citing "evidentiary problems," moved to dismiss the charges against Mr. Rainsberger, a motion which the Marion Superior Court granted the same day.

> **ANSWER:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the material allegations in paragraph 32 of Plaintiff's Complaint and, therefore deny said allegations.

33. Mr. Rainsberger suffered damages as a result of these events in the form of physical discomfort, loss of liberty, public embarrassment and humiliation, emotional distress, damage to his good name and reputation, loss of economic opportunities, and attorney fees and costs.

    **ANSWER:** Defendant denies the material allegations in paragraph 33 of Plaintiff's Complaint.

34. At all times relevant, Detective Benner was acting under color of state law.

    **ANSWER**: Defendant admits that at all times relevant he acted under color of state law; however, Defendant denies that he committed any violations.

35. At all times relevant, Detective Benner was employed by the City of Indianapolis and acted within the scope of his employment.

    **ANSWER**: Defendant admits that at all times relevant to this suit he was employed by the City of Indianapolis and acted within the scope of his employment as an officer of the Indianapolis Metropolitan Police Department; however, Defendant denies that he committed any violations.

## V.    Claims

36. Defendant Benner's actions constitute an unlawful seizure, in terms of the lack of probable cause for the arrest of Mr. Rainsberger, in contravention of the fourth amendment, actionable pursuant to 42 U.S. C. § 1983.

    **ANSWER:** Defendant denies the material allegations in paragraph 36 of Plaintiff's Complaint.

37. Defendant Benner's actions constitute an unreasonable and/or a malicious prosecution, in violation of the fourth and/or fourteenth amendments, actionable pursuant to 42 U.S.C. § 1983.

> **ANSWER:** Defendant denies the material allegations in paragraph 37 of Plaintiff's Complaint.

38. Plaintiff reserves the right to proceed with any and all claims which the facts averred in this Complaint support, pursuant to the notice pleading requirement of Federal Rule of Civil Procedure 8.

> **ANSWER:** Defendant denies that Plaintiff is entitled to any relief pursuant to the Indiana Trial Rules. To the extent Plaintiff seeks any relief in his Complaint; Defendant denies Plaintiff is entitled to any relief. Defendant respectfully requests that judgment be entered for the Defendant and that Plaintiff takes nothing by way of the Complaint, as well as for all other just and proper relief in the premises.

## VI. Jury Trial Requested

39. William Rainsberger requests a jury trial on his claims.

> **ANSWER:** Defendant also requests a jury trial

## VII. Relief Requested

40. William Rainsberger seeks all relief available under the law, including compensatory and punitive damages, attorney fees and costs, and all other appropriate relief.

> **ANSWER:** To the extent Plaintiff seeks any relief in his Complaint; Defendant denies Plaintiff is entitled to any relief. Defendant respectfully requests that judgment be entered for the Defendant and that Plaintiff takes nothing by way of the Complaint, as well as for all other just and proper relief in the premises.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Probable cause for arrest existed.

3. Probable cause for prosecution existed.

4. Plaintiff's claims under *Monell*, if any, are barred to the extent he has failed to properly state a claim.

5. Defendant is immune from liability for Plaintiff's claims to the extent the doctrine of qualified immunity applies.

6. Plaintiff is not entitled to punitive damages on any claims against Defendant in his individual capacity.

7. Plaintiff's claims are limited to the extent he failed to mitigate his damages, but to the extent some mitigation has occurred, Defendant is entitled to a set-off.

8. Plaintiff's lawsuit and any recovery is barred to the extent that the claims are subject to any federal statute limiting the cause of action or the recovery of damages, including, but not limited to, a cap on compensatory damages and a limitation on interest.

9. Plaintiff's claims are barred to the extent that he has waived claims by actions or inactions.

10. Plaintiff's claims are barred to the extent they are untimely.

11. Defendant acted in good faith at all times, and had reasonable grounds for believing that any act(s) he took did not violate any applicable federal or state laws.

12. Defendant acted in accordance with his authority pursuant to a State law.

13. Plaintiff's claims are barred to the extent the Defendant would have taken the same action against the Plaintiff even if there was no constitutional violation.

14. Defendant did not act with malice or reckless indifference.

15. Any claim on the part of Plaintiff for prejudgment interest is barred by Indiana law.

16. Further, Defendant hereby reserves any and all rights to raise additional affirmative defenses that may be developed through the course of discovery in this litigation.

Respectfully submitted,

*/s/ Lynne D. Hammer*_____
Lynne D. Hammer (28252-49)
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968
E-Mail: lynne.hammer@indy.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2016, a copy of the foregoing served by electronic filing. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Richard A. Waples
WAPLES & HANER
410 N. Audubon Road
Indianapolis, IN  46219


*/s/ Lynne D. Hammer*___
Lynne D. Hammer (28252-49)
Assistant Corporation Counsel


OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana  46204
Telephone: (317) 327-4055
Fax:  (317) 327-3968