Official - Subject to Final Review

1

```
 1            IN THE SUPREME COURT OF THE UNITED STATES

 2    - - - - - - - - - - - - - - - - x

 3    ELIJAH MANUEL,                 :

 4            Petitioner           :  No. 14-9496

 5        v.                        :

 6    CITY OF JOLIET, ILLINOIS, ET AL., :

 7            Respondents.          :

 8    - - - - - - - - - - - - - - - - x

 9                        Washington, D.C.

10                        Wednesday, October 5, 2016

11

12            The above-entitled matter came on for oral

13    argument before the Supreme Court of the United States

14    at 1:00 p.m.

15    APPEARANCES:

16    STANLEY B. EISENHAMMER, ESQ., Arlington Heights, Ill.;

17       on behalf of the Petitioner, as appointed by this

18       Court.

19    ILANA H. EISENSTEIN, ESQ., Assistant to the Solicitor

20       General, Department of Justice, Washington, D.C.; for

21       United States, as amicus curiae, supporting the

22       Petitioner.

23    MICHAEL A. SCODRO, ESQ., Chicago, Ill.; on behalf of the

24       Respondents.

25
```

Official - Subject to Final Review

2

```
 1                    C O N T E N T S

 2   ORAL ARGUMENT OF                           PAGE

 3   STANLEY B. EISENHAMMER, ESQ.

 4      On behalf of the Petitioner, as appointed

 5      by this Court                              3

 6   ORAL ARGUMENT OF

 7   ILANA H. EISENSTEIN, ESQ.

 8      For United States, as amicus curiae, supporting

 9      the Petitioner                            17

10   ORAL ARGUMENT OF

11   MICHAEL A. SCODRO, ESQ.

12      On behalf of the Respondents              28

13   REBUTTAL ARGUMENT OF

14   STANLEY B. EISENHAMMER, ESQ.

15      On behalf of the Petitioner, as appointed

16      by this Court                             53

17

18

19

20

21

22

23

24

25
```

Official - Subject to Final Review

3

```
1                    P R O C E E D I N G S

2                                        (1:00 p.m.)

3              CHIEF JUSTICE ROBERTS:  We'll hear argument

4     next in Case 14-9496, Manuel v. The City of Joliet.

5              Mr. Eisenhammer.

6          ORAL ARGUMENT OF STANLEY B. EISENHAMMER

7              ON BEHALF OF THE PETITIONER,

8               AS APPOINTED BY THIS COURT

9              MR. EISENHAMMER:  Mr. Chief Justice, and may

10    it please the Court:

11             I would like to make three initial points.

12             First, what this case is about is whether

13    the Petitioner may bring a Fourth Amendment claim for

14    unlawful detention pursuant to legal process.

15             Second, this case is not about whether the

16    decision to prosecute is governed by due process, the

17    Fourth Amendment, or any other amendment.

18             And third, this case is not about whether

19    there's some constitutional tort named malicious

20    prosecution.  All we ask the Court to do is to affirm

21    your numerous -- numerous suggestions made in Albright

22    that the Fourth Amendment supports this cause of action,

23    and bring the Seventh Circuit in line with all other --

24    with the Tenth Circuit ruling on this.

25             CHIEF JUSTICE ROBERTS:  Well, but you need
```

Official - Subject to Final Review

4

1    to get past the statute of limitations problem and to do

2    that, you need to characterize it, as I understand it,

3    as a malicious prosecution claim.  Otherwise, it's

4    time-barred.

5              MR. EISENHAMMER:  What -- what I need --

6    what we need to do is determine the -- not the statute

7    of limitations, which is two years, set by State --

8    State -- by the State, but the accrual period.  And in

9    Wallace, the Court has said that we -- you normally look

10   to, not the State law, but it's a Federal question, that

11   you normally look in reference to the common law.

12             And in Wallace, they did say that that would

13   be malicious prosecution that does have as an accrual

14   period favorable termination.

15             CHIEF JUSTICE ROBERTS:  But favorable

16   termination has nothing to do with the Fourth Amendment

17   claim, right?  And whether your prosecution is just

18   favorably terminated or not, the Fourth Amendment claim

19   and, it seems to me, the accrual begins when your Fourth

20   Amendment rights are violated with, say, an illegal

21   search.

22             Whether you eventually are convicted or

23   acquitted, really, you have a claim for an illegal

24   search if there's been an illegal search without regard

25   to favorable termination.

Official - Subject to Final Review

1          MR. EISENHAMMER:  But our claim,

2    technically, here is it is detention without probable

3    cause, not the search that occurred when he's -- when he

4    was arrested.

5          CHIEF JUSTICE ROBERTS:  Right.  But I mean,

6    regardless, whatever the Fourth Amendment claim is.

7          MR. EISENHAMMER:  Right.  And that detention

8    went through for 48 days after he -- after he became

9    subject to legal process.  I guess --

10          JUSTICE SOTOMAYOR:  Was he subject to proper

11    legal process?  If legal process is corrupted because

12    there isn't -- I always understood legal process as used

13    in Wallace and earlier of our cases as an independent

14    intermediary, generally a judge or a grand jury or

15    someone who looks at the facts as they exist and

16    independently makes a determination whether probable

17    cause has happened.

18          If you have a corrupted legal process where

19    what the independent adjudicator is looking at is not

20    true because it's based on false information, have you

21    received legal process -- proper legal process?

22          MR. EISENHAMMER:  You haven't received

23    proper legal process.  You're -- you're correct.  It's

24    been corrupted because --

25          JUSTICE SOTOMAYOR:  And so I thought if

Official - Subject to Final Review

1    you've never received it, then doesn't your time to

2    accrue for the improper detention occur when you're no

3    longer detained?  Here, it was the not guilty; correct?

4              MR. EISENHAMMER:  Correct.

5              JUSTICE SOTOMAYOR:  So it's not a question

6    of whether -- when it starts.  The question is:  When

7    does the illegal detention finish?

8              MR. EISENHAMMER:  Correct.  Correct.

9              JUSTICE SOTOMAYOR:  And because you have --

10   there's been no intermediate force, no intermediary

11   stepping in and breaking the chain of causation;

12   correct?

13             MR. EISENHAMMER:  Correct.  That's correct.

14             JUSTICE SOTOMAYOR:  Am I understanding your

15   argument correctly?

16             MR. EISENHAMMER:  Yes.  You are, perfectly.

17   I wish I could take credit for that, but --

18             (Laughter.)

19             JUSTICE SOTOMAYOR:  No, but I'm -- I -- I --

20   the only way I could think of it was thinking of it in

21   this way, because you're not claiming malicious

22   prosecution or not.

23             MR. EISENHAMMER:  Right.  Right.  You know,

24   Wallace talked about malicious prosecution.  And this is

25   a larger issue of 1983 jurisdiction, which is, you know,

Official - Subject to Final Review

1   what is a proper accrual period for a constitutional --

2   a constitutional violation.  We don't -- we're not --

3              JUSTICE SOTOMAYOR:  So detention without

4   probable --

5              MR. EISENHAMMER:  -- cause.  Right.  And you

6   don't -- you're not -- you're not straightjacketed into

7   a particular common-law provision.  You're -- you have

8   the right to fashion one that does justice, and this is

9   the one that does -- does justice.

10             CHIEF JUSTICE ROBERTS:  I was confused.  I

11  thought there was a malicious prosecution claim here,

12  mostly because the question presented says, "Whether an

13  individual's Fourth Amendment right to be free from

14  unreasonable seizure continues beyond legal process so

15  as to allow a malicious prosecution claim based upon the

16  Fourth Amendment."

17             MR. EISENHAMMER:  Yes.  But that's -- that's

18  just a label, and that's what -- what the court, at

19  least in Wallace, has used as a label for talking about

20  these type of claims, and in other -- in Gerstein, too.

21  It's just -- it's just a label to, in a sense,

22  distinguish this case from detention without legal

23  process.

24             JUSTICE KENNEDY:  Let me give you a

25  hypothetical.  This is actually close to this case.

Official - Subject to Final Review

1    Officer fabricates evidence in order to arrest and book

2    the defendant.  Then there's a Gerstein hearing within

3    48 hours.  Evidence is still fabricated; same fabricated

4    evidence is introduced.  He's held for three months.

5    Then there's a pretrial suppression hearing.  The

6    evidence is still fabricated, and he's still held for

7    two more months.  Then there's a trial.  Evidence is

8    still fabricated and he's convicted and he's held for

9    six more months.  Then there's an appeal filed, and then

10   suddenly they find out the evidence was fabricated

11   and -- and the charges are dismissed.

12              Fourth Amendment violation for the entire

13   detention?

14              MR. EISENHAMMER:  No.  We would say the

15   Fourth Amendment -- at least based on your cases -- the

16   Fourth -- the Fourth Amendment claim ends at conviction.

17              JUSTICE KENNEDY:  Okay.

18              MR. EISENHAMMER:  And then the due process

19   claim or whatever.

20              JUSTICE KENNEDY:  Why is the trial on

21   conviction any different than the Gerstein hearing?

22   They're -- they're both a legal process.  There's an

23   inquiry.  Why is it that the Fourth Amendment applies

24   after the Gerstein hearing but not after the conviction?

25              MR. EISENHAMMER:  One reason is that the

9

1    Gerstein -- the Gerstein hearing is a non-adversarial

2    hearing, so it would be a -- a grand jury proceeding.

3    While a -- a conviction, in a sense, presumes that

4    you're -- you're -- you -- you are -- you are held with

5    probable cause, and then you really have a due process

6    claim after that.

7              JUSTICE KENNEDY:  Under malicious

8    prosecution law in the States generally, just as a

9    general principle, would there be a malicious

10   prosecution claim for the fabricated evidence in the

11   Gerstein case or in the pretrial suppression?

12             MR. EISENHAMMER:  I believe -- I believe so.

13             JUSTICE KENNEDY:  So then they would be over

14   with, so at least there's a legal recognition that there

15   can be a malicious prosecution claim in the Gerstein

16   hearing.

17             MR. EISENHAMMER:  No.  It's really a

18   Fourth -- well, here, it's a Fourth Amendment claim.

19   We're not -- we're not raising --

20             JUSTICE KENNEDY:  I'm asking if, under State

21   laws, the tort law generally, you can bring a malicious

22   prosecution claim if there's fabricated evidence

23   produced at the Gerstein hearing that results in --

24             MR. EISENHAMMER:  In your release?

25             JUSTICE KENNEDY:  -- that results in your

Official - Subject to Final Review

10

1   detention.

2              MR. EISENHAMMER:  Well, yes --

3              JUSTICE KENNEDY:  That's why there's damage

4   and they're suing.

5              MR. EISENHAMMER:  Right.  But you have to

6   be -- there has to be a favorable termination in order

7   for you -- it's an element of -- of State court

8   malicious prosecution, so you need to be --

9              JUSTICE KENNEDY:  Okay.  It's terminated six

10  months -- or six weeks later.

11             MR. EISENHAMMER:  It would be a malicious --

12  that would be a malicious prosecution claim under State

13  law.

14             JUSTICE GINSBURG:  Well, why do you make the

15  cutoff conviction?  If it turns out, even on habeas,

16  that the police have lied all along and there was never

17  any basis for holding this person, why doesn't -- why

18  don't you have your Fourth Amendment claim until the

19  point where you're released from this unlawful custody?

20             MR. EISENHAMMER:  You -- you could if you --

21  if you ruled that way.  Generally, this Court has ruled

22  that after conviction, there is -- there is due process,

23  your trial rights have been violated, so that has been a

24  different amendment that you've gone under.  In this

25  case --

Official - Subject to Final Review

1          JUSTICE GINSBURG:  It's the same right.

2    It's the right you had from the very beginning.

3          MR. EISENHAMMER:  It could be a -- it could

4    be a Fourth Amendment right.  You could have more than

5    one amendment cover more than one -- the same set of

6    facts.

7          CHIEF JUSTICE ROBERTS:  Well, but there's

8    just a different consequence to whether you terminate a

9    Fourth Amendment right or a due process right under

10   Parratt v. Taylor.

11         MR. EISENHAMMER:  Well, we're claiming it's

12   a Fourth Amendment right.

13         CHIEF JUSTICE ROBERTS:  Well, I know.  But

14   you just answered in response to the question that one

15   could be both.  But if it's both --

16         MR. EISENHAMMER:  Yes, it could be both.

17   Usually -- or at least reading Justice Kennedy's

18   concurrence, it appeared that the due process

19   provision -- the due process claim dealt with the issue

20   of whether to prosecute, as opposed to this issue, which

21   is the decision to hold somebody, detain somebody,

22   pending a decision to prosecute or a trial.  So it's the

23   Fourth Amendment that really covers this rather than due

24   process.

25         JUSTICE SOTOMAYOR:  What happens to the

Official - Subject to Final Review

12

1    person who's let out on bail?  Are they out of luck

2    under your theory?

3                MR. EISENHAMMER:  No.  No.

4                JUSTICE SOTOMAYOR:  Are you defining

5    "detention" as broadly as Justice Ginsburg was?

6                MR. EISENHAMMER:  Yes.  And in Gerstein --

7    and in Gerstein, the Court did make recognition that --

8    that detention could go beyond being released, depending

9    on the conditions of the release.  So it's not just -- I

10   would say it's not just Justice Ginsburg's concurrence.

11   It was this Court's opinion in Gerstein that that was a

12   possibility.

13               JUSTICE GINSBURG:  Can you explain why, even

14   if we accept your theory that -- that the unlawful

15   detention continues until he's released, why shouldn't

16   the statute of limitations trigger the -- when he is

17   initially arrested?  Why -- why should the trigger for

18   the statute of limitations be different just because we

19   label this Fourth Amendment --

20               MR. EISENHAMMER:  I think there's -- there's

21   some good reasons for that.  They were expressed in

22   Heck, which applies in this particular case, too.  You

23   don't want to have parallel -- parallel litigation.  You

24   don't want to have conflicting decisions between the

25   State and the criminal court, and you don't want to --

Official - Subject to Final Review

13

 1   you don't want to have a collateral attack.  That

 2   collateral attack works to the detriment of -- of the

 3   prosecution and to the defense in the case.

 4          I think Justice Kagan's opinion in Kaley

 5   illustrates the harm that could happen to the

 6   prosecution if you allow someone to collaterally

 7   attack -- use a sophisticated attorney to collaterally

 8   attack the decision on probable cause while the case --

 9   while the criminal case is pending.  If it works to the

10   detriment of the prosecution --

11          JUSTICE KAGAN:  Mr. Eisenhammer, why should

12   we even get to these questions?  As I understand this

13   case, the Seventh Circuit does something, says something

14   that no other circuit does, which is to say that they

15   say that there's no Fourth Amendment claim under Section

16   1983 at all, full stop.

17          If we think that that's wrong, oughtn't we

18   to just send everything else back to the Seventh Circuit

19   to decide what they think the Fourth Amendment claim

20   looks like?  In other words, what elements it has, what

21   accrual date it has, anything that they think about this

22   Fourth Amendment claim, send it back to them, having

23   told them that they're wrong about whether this Fourth

24   Amendment claim exists.  Why isn't that -- I mean, all

25   this other stuff, the Seventh Circuit hasn't told us

Official - Subject to Final Review

1    what they think about it.   Circuits are split on it.   It

2    hasn't really been briefed because the principal

3    question has been whether there is a Fourth Amendment

4    claim.   Why shouldn't we just send it back to them to

5    decide?

6                    MR. EISENHAMMER:   I would be in agreement

7    with that, because --

8                    JUSTICE KAGAN:   You would be in agreement?

9                    MR. EISENHAMMER:   I would be in agreement

10   with that.

11                   JUSTICE KAGAN:   I wasn't sure.   I thought

12   that you were arguing.

13                   MR. EISENHAMMER:   I only -- only -- only in

14   response to the question.   So I think the question we've

15   raised is solely the issue of does the Fourth Amendment

16   cover detentions pursuant to legal process?

17                   JUSTICE ALITO:   But don't we have to know --

18   I'm sorry.

19                   JUSTICE SOTOMAYOR:   Without legal process.

20                   MR. EISENHAMMER:   Without -- I'm sorry.

21   With -- no, with.   With legal --

22                   JUSTICE SOTOMAYOR:   You're saying it's

23   improper legal process.

24                   MR. EISENHAMMER:   Yes.   But it's still a

25   legal -- it's still a legal process.   It was corrupted,

Official - Subject to Final Review

15

1    but it was still started with that.

2              JUSTICE ALITO:  Don't we have to know what

3    kind of a claim it is to -- before we can say whether it

4    exists?

5              MR. EISENHAMMER:  Yes.  And the starting

6    point is the Fourth Amendment.  If you answer the

7    question on the Fourth Amendment, because the

8    initial question --

9              JUSTICE ALITO:  You want us to say there's

10   some kind of a Fourth Amendment claim, but we -- we're

11   not -- we don't know what it is, but there's some kind

12   of a claim.  Now, you go back and tell us what kind of a

13   claim it is?

14             MR. EISENHAMMER:  No.  I'm saying the Court

15   can say that this is a Fourth Amendment claim.  It's --

16             JUSTICE KAGAN:  A claim for unconstitutional

17   detention.

18             MR. EISENHAMMER:  There's no -- yeah.  Just

19   as if -- if they had brought it up in Albright.

20             JUSTICE KAGAN:  Now, what the statute of

21   limitations is on that claim or what the accrual period

22   is on that claim is something that we don't have to

23   decide in order to say, yes, you have a claim under the

24   Constitution for improper detention.

25             MR. EISENHAMMER:  Correct.

Official - Subject to Final Review

1          CHIEF JUSTICE ROBERTS:  Well, but -- I mean,

2    the alternative that is argued is that it's a due

3    process claim.  And whether or not they coexist or

4    whether the particular period that you're complaining

5    about is properly characterized as detention without due

6    process as opposed to a claim under the Fourth Amendment

7    would certainly be pertinent in deciding whether or not

8    to say there is a Fourth Amendment claim.

9          MR. EISENHAMMER:  No.  I -- I think you can

10   decide whether there's a Fourth Amendment claim or a due

11   process without referencing the statute of limitations.

12   That issue is, in a sense, before you.  You can answer

13   it.

14          We're not talking about -- as I said before,

15   we're not claiming that the decision to prosecute, which

16   might be a due process claim, has been violated.  All

17   we're talking about is the detention -- the detention

18   subject to legal or corrupt legal process.  That's the

19   only claim that we're asking for.  The Court has

20   indicated --

21          JUSTICE SOTOMAYOR:  Is it a detention --

22   you've described this in various ways.  Is it a

23   detention without constitutional probable cause?  Is it

24   a detention with -- with no proper legal process?  Where

25   exactly is the Fourth Amendment violation?  Because in

Official - Subject to Final Review

1    false arrest and false imprisonment claims, according to

2    Wallace, as soon as you get legal process, there's been

3    an intervening end to the false imprisonment because

4    someone else has imprisoned you.

5              So what remains in this case?  How do we

6    define the constitutional violation so --

7              MR. EISENHAMMER:  All right.  May I reserve

8    time after just some more questions?

9              I think this is a Fourth Amendment claim

10   that you can -- you can describe as being corrupted

11   by -- you know, a corrupt Gerstein hearing.  You would

12   claim that it prolonged a detention beginning at -- at

13   legal process the way County of Riverside -- or

14   Rodriguez, where it was extended just for -- the traffic

15   stop was extended just for seven minutes to do a dog

16   search, and this Court found that there was -- it was a

17   seizure, an improper -- improper seizure.

18             This is exactly what happened here.  The --

19   the seizure was extended improperly because of the

20   fabrication by the police.

21             CHIEF JUSTICE ROBERTS:  Thank you, counsel.

22             Ms. Eisenstein.

23        ORAL ARGUMENT OF ILANA H. EISENSTEIN

24        FOR UNITED STATES, AS AMICUS CURIAE,

25             SUPPORTING THE PETITIONER

Official - Subject to Final Review

18

1          MS. EISENSTEIN:  Mr. Chief Justice, and may

2    it please the Court:

3          We think that this Court should locate the

4    constitutional right at issue in the Fourth Amendment

5    for the reason that the Fourth Amendment does apply to

6    pretrial detentions as this Court has long held.  The

7    Fourth Amendment requires any prolonged period of

8    detention to be supported by, one, valid determination

9    of probable cause at the outset of that -- at that

10   period of detention.

11         The Seventh Circuit error here was to find

12   that the Fourth Amendment stops operation once criminal

13   charges are filed.  And this Court has long recognized

14   as well that there's a variety of ways to make that

15   probable cause determination, including by the same

16   procedure used to bring the criminal charge itself.

17         JUSTICE KENNEDY:  Suppose it's a close

18   question about probable cause.  None of the fabricated

19   evidence, just was the information available to the

20   police sufficient to -- to make the arrest, and the

21   court wrongly determines that there was probable cause

22   and he's held for six weeks.  Fourth Amendment

23   violation?

24         MS. EISENSTEIN:  Your Honor, there may be a

25   Fourth Amendment violation, but there may be no one to

Official - Subject to Final Review

1    sue under those circumstances under Section 1983.

2              JUSTICE KENNEDY:  Why is it a Fourth

3    Amendment violation?  If it was close, then the decision

4    was reasonable.

5              MS. EISENSTEIN:  Well, of course, Your

6    Honor.  I think I took Justice Kennedy's hypothetical to

7    pursue it was wrong in the sense of wrong and

8    unreasonable.  I think a wrong --

9              JUSTICE KENNEDY:  No, it's wrong but

10   reasonable.

11             MS. EISENSTEIN:  Well, then, Your Honor, no,

12   I don't think it would be a Fourth Amendment violation

13   at all.

14             (Laughter.)

15             JUSTICE KENNEDY:  Why?  He's -- he's being

16   detained.

17             MS. EISENSTEIN:  Well, because, Your Honor,

18   I think that --

19             JUSTICE KENNEDY:  Violation of the Fourth

20   Amendment.

21             MS. EISENSTEIN:  Well, Your Honor, because I

22   think that --

23             JUSTICE KENNEDY:  And that's why it seems to

24   me that there's a good argument that we should be

25   talking about malicious prosecution, not the Fourth

Official - Subject to Final Review

20

1    Amendment.

2              MS. EISENSTEIN:  Well, Your Honor, I think

3    that the Fourth Amendment does afford reasonable

4    mistakes of fact and law, for that matter, in -- in

5    allowing someone to be detained.  So it's not that.  In

6    fact, the probable cause standard itself allows for

7    factual errors in the determination.

8              But here, the allegation that Mr. Manuel

9    claims is that he's detained on drug charges that relied

10   entirely on fabricated evidence.  And we think that that

11   claim is a claim of detention without probable cause

12   under the Fourth Amendment.

13             JUSTICE ALITO:  It's unreasonable.  And

14   the -- the defendant wouldn't have qualified immunity,

15   but it's not corrupt.  There's nothing malicious about

16   it.  Would there be a claim?

17             MS. EISENSTEIN:  Your Honor, I think it

18   depends on what the causation would be in terms of the

19   officer's role in bringing the charge.

20             So if the officer puts forth and has -- is

21   the one pressing to bring a charge that is not

22   reasonable, objectively unreasonable under the Fourth

23   Amendment, subject to qualified immunity and other bars

24   to suit, he may be liable.  But to the extent to which

25   the error falls with the magistrate or the prosecutor,

Official - Subject to Final Review

1    those kinds of claims would be foreclosed by the

2    absolute immunity that those individuals --

3              JUSTICE ALITO:  What if it's an F.B.I.

4    agent?

5              MS. EISENSTEIN:  Well, Your Honor, I think

6    that the measure of liability for a Federal officer

7    follows the same sort of immunities and rules.

8              JUSTICE ALITO:  Well, I thought you said in

9    your brief that the standard for State and local law

10   enforcement officers might be different from the

11   standard for Federal law enforcement officers.

12             MS. EISENSTEIN:  If I did, Your Honor, I

13   don't -- I don't believe we were referring to -- if you

14   could clarify which standard you mean, the standard for

15   qualified immunity or -- or --

16             JUSTICE ALITO:  On page 30 of your brief.

17   30 to 31 of your brief.

18             MS. EISENSTEIN:  Well, Your Honor, I think

19   that in those particular instances, that relates to --

20   that piece of our brief relates to special factors that

21   could potentially account for hesitation on a Bivens

22   claim that don't necessarily apply to Section 1983.

23             JUSTICE ALITO:  Yeah, and that's what I'm

24   saying.  So you think that there should be a remedy for

25   violations by State and local police officers, but not

Official - Subject to Final Review

1    under identical circumstances, possibly, if it's a

2    Federal officer.

3              MS. EISENSTEIN:  Not in this instance, Your

4    Honor.  We wouldn't draw that distinction.  And -- and

5    I'd also --

6              JUSTICE ALITO:  Well, then what were you

7    saying in your brief?  I don't understand it.

8              MS. EISENSTEIN:  I think that there may be

9    other circumstances not presented by this case, not

10   presented by a -- a case of fabricated evidence or

11   unreasonable pursuit of a wrongful criminal charge that

12   may lead to a different result under 1983 under Bivens.

13   But I don't think we have to -- we just wanted to make

14   sure that the Court understood that the Bivens claim may

15   have different ramifications.

16             JUSTICE BREYER:  That's right.  I mean, I

17   may be missing something, although this is quite a

18   simple case.  A policeman makes an unreasonable stop and

19   an unreasonable search, thereby violating the Fourth

20   Amendment.  Now, you can sue him, assuming you overcome

21   other hurdles.

22             Now he takes you off and puts you in prison,

23   either with a magistrate or without a magistrate, and

24   you are therefore being unreasonably detained.  It's an

25   unreasonable search/seizure pursuant to the Fourth

Official - Subject to Final Review

1    Amendment; therefore, it's a violation.

2              Then you have a trial, and using the same

3    rotten evidence, you are convicted.  There you don't,

4    though you could.  But the reason that you don't is

5    because you are viewed as, by the law so far, being in

6    jail now as a result of your conviction.  And the

7    reason, I guess, is practical.  We don't want to look

8    into all those convictions and their different

9    standards.  Now, that's the -- the framework in my mind.

10   Is it right?

11             MS. EISENSTEIN:  Absolutely, Your Honor.

12   That is exactly the framework that the government puts

13   forward, that it's not just the mere fact of being held

14   in jail, but that the constitutional right depends on

15   what process was infringed.

16             JUSTICE SOTOMAYOR:  All right.  So let's

17   stop.  I understand you so far.

18             The question presented was, I think -- I

19   don't have it -- I do have it here.

20             "So whether an individual's Fourth Amendment

21   right to be free from unreasonable seizure continues

22   beyond legal process so as to allow a malicious

23   prosecution claim based upon the Fourth Amendment."

24             The Chief Justice was right.  The question

25   presented is, does the Fourth Amendment consonance house

Official - Subject to Final Review

24

1    a malicious prosecution claim, which is something very

2    different than what you're describing as a Fourth

3    Amendment seizure and detention without legal process.

4           MS. EISENSTEIN:   That's correct, Your Honor.

5    Because in our view, the constitutional inquiry is step

6    one, but step two is to determine the elements and

7    accrual date and other prerequisites to suit under our

8    Section 1983 tort.   And in that instance, the accrual

9    may be governed by the closest common law analogy.

10          When the challenge at its core is arguing

11   that the wrongful prosecution and the wrongful

12   institutional process led to the detention without

13   probable cause, in our view, the closest analogy is a

14   malicious prosecution suit, and that that --

15          JUSTICE SOTOMAYOR:   But are you suggesting

16   we have to take every element of the -- whatever the

17   elements are?   Because from what I understand from the

18   briefing, malicious prosecution is defined differently

19   from State to State.

20          So if that's the case, what are the elements

21   that you see for a 1983 claim?   Does it include malice?

22          MS. EISENSTEIN:   Your Honor, we do not think

23   that a constitutional tort under 1983 simply adopts

24   common law or State tort elements of malicious

25   prosecution.   Only the accrual rule is -- as based on

Official - Subject to Final Review

25

1   this Court's decision in Heck and Wallace are taken up

2   by the common law analogy.

3           In terms of malice, no, Your Honor, we don't

4   think malice, as it's known in common law or most State

5   courts, is an element of this kind of claim.  We do

6   advocate that this Court treat a probable cause

7   determination underlying a criminal charge the same way

8   it treats a probable cause determination underlying a

9   search warrant, which includes the Franks standard.  We

10  don't think of that as a malice standard of common law,

11  but rather, an extension of the Franks doctrine.

12          CHIEF JUSTICE ROBERTS:  Well, I nearly said

13  that it inspired examples we take to flesh this out, but

14  it does seem to me to be just pretty result-oriented

15  cherry picking.  If once you say, well, here's a claim,

16  now we'd like the statue of limitations part, so we

17  don't take that in.  We -- we don't want to have to show

18  malice, so we take that.  I mean, I don't know if we're

19  still holding true to the approach in Wallace, if you

20  just start picking things in and out depending upon the

21  demands of the particular case.

22          MS. EISENSTEIN:  Well, Your Honor, I think

23  that Wallace did say that Federal accrual rules in

24  particular were governed by the common law analogy.  We

25  think that that's as far as it goes in terms of choosing

Official - Subject to Final Review

26

1    from the common law.  The statue of limitations, for

2    example, is barred from State law.

3            But here, the Seventh Circuit's view of

4    accrual flowed from its error as to the scope of the

5    Fourth Amendment.  So to Justice Kagan's proposal that

6    this go back, in many ways we think that's absolutely

7    appropriate, because the Seventh Circuit erred by

8    holding that since the Fourth Amendment stops at the

9    time criminal process begins, it thought you can't have

10   a malicious prosecution analogous claim, because there

11   is no such Fourth Amendment claim.

12           If you peel that error away, we think that,

13   even under Seventh Circuit jurisprudence, they would

14   agree that a favorable termination requirement would

15   apply in such circumstances.

16           JUSTICE GINSBURG:  When does the Fourth

17   Amendment claim stop?  I -- I think co-counsel said if

18   you're convicted, it stops.  In -- in response to my

19   question, suppose none of this comes out until habeas,

20   and then we find out the police have lied from day one.

21           MS. EISENSTEIN:  So, Your Honor, we do see

22   those as distinct phases, and that when you're held --

23   an individual is held pursuant -- before trial, pursuant

24   to a finding of probable cause by a magistrate or a

25   grand jury, that that is a Fourth Amendment claim.  But

Official - Subject to Final Review

27

1    once the person is held pursuant to a finding beyond a

2    reasonable doubt at trial, that due process and other

3    constitutional protections take over.

4            JUSTICE KENNEDY:  But suppose there's a

5    pretrial suppression hearing in which both parties are

6    represented, and the court reaches a wrong result with

7    reference to the admission of the evidence.  Does a

8    Fourth Amendment violation still continue?

9            MS. EISENSTEIN:  May I answer, Your Honor?

10           Your Honor, I think that it -- it may be a

11   Fourth Amendment violation, but whether a plaintiff

12   could bring those kinds of claims would be governed by

13   preclusion principles and other similar bars, once that

14   issue had been actually litigated in a State court.

15           JUSTICE SOTOMAYOR:  In a State court

16   proceeding, the State analogue, what would be the rule

17   of accrual ending?  You get convicted; you don't find

18   out about the false testimony until habeas, State or

19   Federal.

20           When, in that situation, would accrual

21   occur?

22           MS. EISENSTEIN:  In our view, when the case

23   was dismissed or overturned, Your Honor.

24           CHIEF JUSTICE ROBERTS:  Thank you, counsel.

25           Mr. Scodro.

Alderson Reporting Company

Official - Subject to Final Review

1          ORAL ARGUMENT OF MICHAEL A. SCODRO

2             ON BEHALF OF THE RESPONDENTS

3          MR. SCODRO:  Mr. Chief Justice, and may it

4    please the Court:

5             I think it's very important to frame what is

6    before the Court this afternoon.  And to begin, I think

7    it's essential to note we are not disputing at any point

8    in this litigation that misstatements made that result

9    in a finding of probable cause at a Gerstein hearing is

10   a Fourth Amendment violation, nor does the Seventh

11   Circuit disagree.

12            The reason this came up to the Seventh

13   Circuit as it did -- and this may be important in

14   understanding the context -- this is on a motion to

15   dismiss for statute -- for violation of the statue of

16   limitations.  All of the claims were dismissed but one,

17   the one that was appealed, and that one survived

18   momentarily in the district court because Petitioner

19   claimed that that one claim has a favorable termination

20   element because it is malicious prosecution.

21            He reiterated that claim before the Seventh

22   Circuit, and the Seventh Circuit reached two

23   conclusions.

24            One, you have a Fourth Amendment claim which

25   they discuss, and that the only claim before them was

Official - Subject to Final Review

29

1    based on the lie at the Gerstein hearing.  You have a

2    Fourth Amendment claim, but it is already accrued; it

3    accrued too early; it is untimely.

4            Now you're asking us to recognize a

5    different breed of Fourth Amendment claim, namely, a

6    malicious prosecution Fourth Amendment claim, because

7    you'd like to overcome the time bar.  We do not

8    recognize that Fourth Amendment malicious prosecution

9    claim.

10           JUSTICE KAGAN:  Mr. Scodro, I -- I just have

11   to say I read this differently, so you can tell me why

12   I'm wrong.

13           But I'm -- in the last column of the Seventh

14   Circuit's opinion, so there are twice where the Seventh

15   Circuit says what it thinks.  The first time it says,

16   when after the arrest a particular person is not let go

17   when he should be -- so it's after the initial seizure,

18   and then the person is not let go, the Fourth Amendment

19   gives way to the due process clause as a basis for

20   challenging his detention.

21           And then in the last paragraph it says,

22   "Once detention by reason of arrest turns into detention

23   by reason of arraignment, the Fourth Amendment falls out

24   of the picture."

25           So it seems to me that twice, the Seventh

Official - Subject to Final Review

 1    Circuit says very clearly that you have this Fourth

 2    Amendment claim until arraignment or legal process, and

 3    after that, the Fourth Amendment falls out of the

 4    picture.

 5              And at the very basic level, before you get

 6    into these questions of what's the accrual date or

 7    anything else, it seems that that's the thing that the

 8    Petitioner is saying is wrong, that the Fourth Amendment

 9    claim continues after arraignment or after legal

10    process.  Now, when it accrues, when it doesn't accrue

11    is a different question, but it's still a Fourth

12    Amendment claim, and -- and -- and that's what the

13    Seventh Circuit rejected.

14              MR. SCODRO:  Your Honor, I think I would

15    direct the Court to the top of JA 103 as well, where the

16    Court also notice -- notes the fact that they have found

17    Fourth Amendment claims, even in terms of false

18    information in an incident report, even at a preliminary

19    hearing, which comes long after the initiation of

20    process.

21              What the Court in context has read -- and by

22    the way, this is consistent with past statements by the

23    Seventh Circuit, the -- the fundamental statement the

24    Court has made -- and this comes from Newsome, the 2001

25    decision from which this jurisprudence has blossomed in

Official - Subject to Final Review

1    the Seventh Circuit -- relabeling a Fourth Amendment

2    claim as malicious prosecution would not extend the

3    statue of limitations.

4              This has been the nature of the battle.  And

5    on page 21 of the cert petition in this case, Petitioner

6    makes clear why a question presented doesn't end halfway

7    through.  It doesn't ask merely whether there's a Fourth

8    Amendment right that survives the initiation of process.

9              If, by "process" they mean Gerstein hearing,

10   we agree.  And I think the Seventh Circuit would agree

11   as well.  But it goes on to say, "so as to allow for a

12   malicious prosecution claim."  And on page 21 of their

13   cert petition, they explain to the Court what they mean

14   by that when they say that, "The fate of this appeal to

15   this Court turns on whether the Court does or does not

16   adopt a favorable termination element," and that that's

17   why this makes an ideal vehicle, to answer Justice

18   Alito's earlier question, which is:  What are the

19   elements of this claim?

20             JUSTICE BREYER:  I didn't think that was a

21   difficult question.  I thought that everyone agrees that

22   if a policeman wrongly arrests you -- you know,

23   maliciously arrests you, et cetera -- and there you are

24   in his custody and he brings you over to the jail, puts

25   you in jail, up until the point you see the magistrate,

Official - Subject to Final Review

1    you have a claim for false arrest.

2                    MR. SCODRO:  Correct.

3                    JUSTICE BREYER:  And we said that that claim

4    for false arrest is a constitutional claim.

5                    MR. SCODRO:  Yes.

6                    JUSTICE BREYER:  It violates the Fourth

7    Amendment.  What time limit applies?  The false arrest

8    time limit, because that's the most analogous.

9                    MR. SCODRO:  Yes, Your Honor.

10                    JUSTICE BREYER:  Then we get into the next

11   stage.  Now you're in front of a magistrate, and the

12   magistrate says, stay in jail for two more months.  Does

13   that violate the Fourth Amendment?  Not malicious

14   prosecution.  Does it violate the Fourth Amendment?

15                    The reason that we tend to think it does is

16   because all the circuits have said it does; that is,

17   Judge Higginbotham said that in the Fifth Circuit.  A

18   lot of the circuits picked that up.  I'm not saying

19   every one.  But they said that, too, violates the Fourth

20   Amendment.  Now we have a problem.

21                    What statute of limitations do we use for

22   that one?  And there, the circuits seemed to have picked

23   malicious prosecution not because they're going to

24   follow every element, but because it's the State law

25   that provides the closest analogy.

Official - Subject to Final Review

33

```
 1              And that seems to me where we are in this
 2   case.  You don't have to go much further than that.
 3              Am I right so far?
 4              MR. SCODRO:  You are correct.  The issue
 5   before the Court is which accrual date for limitations
 6   periods should the courts be --
 7              JUSTICE BREYER:  So you will accept -- or
 8   will you accept for purposes of this argument that once
 9   this individual is brought by the policeman to jail and
10   they go before a magistrate, and the magistrate using
11   the same bad evidence says, stay here in jail for
12   several -- for a while -- for a week, anyway, until we
13   get to trial, that that period is a violation of the
14   Fourth Amendment, assuming that they were all lying, et
15   cetera.
16              MR. SCODRO:  Your Honor, yes.
17              JUSTICE BREYER:  Yes.  Then the question is:
18   Do we use the malicious prosecution as an analogy, not
19   all the elements?  And so now the question, great, this
20   is fabulous, I get to the narrower question I have, why
21   isn't it a good analogy?
22              MR. SCODRO:  Your Honor, let -- let me
23   answer it why it's not a good analogy, and I'll also
24   answer -- I think flesh out just slightly whether or not
25   this remains -- the moment in time when the police
```

Official - Subject to Final Review

34

1    officers lie to -- to submit an affidavit with

2    falsehoods to a magistrate at a Gerstein hearing, and

3    the magistrate finds probable cause, what we do not

4    dispute, and what we do not think the Seventh Circuit

5    would dispute, is that that is a violation of the Fourth

6    Amendment.

7              Now, the question of whether or not

8    malicious prosecution is the proper analogy, the answer

9    is absolutely not, and Wallace tells us why not.

10   Wallace tells us -- now, the Petitioner has shifted just

11   slightly from a reliance on common law favorable

12   termination, which is what most of the circuits on their

13   side of the split have done.  This also goes, I think,

14   to Your Honor's question and to your point.

15             Most of the circuits on the other side of

16   the split have used favorable termination, but they've

17   done so by adopting it as part of the underlying

18   four-element common law tort, and they think if that's

19   what we're calling it, then it's going to have favorable

20   termination.

21             A smaller number have relied on an

22   extension, a drastic extension, of this Court's decision

23   in Heck.  And that's the request now made by the

24   Petitioner in the reply brief, that Heck ought to be

25   expanded to apply here.

Official - Subject to Final Review

35

1          But Wallace was very clear.  Heck only

2     applies -- the delayed accrual principle and the

3     favorable termination element that comes with it apply

4     only where you have an extant conviction.  And that

5     doesn't exist here.

6          The court went through a mental exercise.

7     They said, look, if you can realize that you have a

8     Fourth Amendment claim before you're convicted, if the

9     elements can be in mind, you know you've been wronged in

10    a Fourth Amendment way before you are convicted, then

11    that is not a claim that is entitled to the delayed

12    accrual principle of Heck.

13         And the reason was very simple.  Because as

14    this Court said in Gerstein, Fourth Amendment

15    contemplates that you can have bad arrests and good

16    convictions.  And nevertheless, the Fourth Amendment

17    protects the innocent as well as the guilty.  And

18    expanding Heck to apply the circumstance where all you

19    have is an ex parte requirement, or finding rather, of

20    probable cause, requiring that civil plaintiff to then

21    prove vindication at the end of the day would close the

22    door on a potential universe of Fourth Amendment claims

23    and instances.

24         JUSTICE GINSBURG:  I think you can have

25    discrete claims.  One wrong is you never should have

Official - Subject to Final Review

36

 1   been arrested, so you have a Fourth Amendment claim for

 2   that.  Another wrong is they kept you in detention.

 3   They extended that arrest.  So I don't see why you have

 4   one wrong which ends on arrest, but then if you are

 5   continuing to be held based on trumped-up false

 6   information, why isn't that like a continuing tort?  And

 7   it continues until it ends.

 8         MR. SCODRO:  Well, Your Honor, just to make

 9   sure that I've been clear, again, we do agree that the

10   lie -- the second lie Your Honor has described, the lie

11   before the magistrate, is actionable under the Fourth

12   Amendment.  If the question is why then doesn't the

13   accrual period run from when one is ultimately released,

14   I would make a couple of points in response to Your

15   Honor's question.

16         First, Petitioner has been very careful not

17   to make that argument.  Indeed, the continuing seizure

18   idea would be inconsistent facially with the cert

19   petition, which claimed they need the benefit of

20   favorable termination to prevail.  They, of course,

21   wouldn't need it if they were instead arguing for a

22   period of a continuing seizure.

23         Lower courts have rejected the notion of a

24   continuing seizure, and they're not raising it here.

25   And I think the reason may be twofold.

Official - Subject to Final Review

37

1           The first is that it runs into -- it runs in

2    the face of traditional accrual principles that this

3    Court has said, cases like Ricks and others, that it's

4    not the period of harm that matters for accrual

5    purposes.  It's when one first experiences the harm and

6    thereby has all the elements needed to proceed.

7           And a case like Morgan, which was a hostile

8    work environment case, is really the exception that

9    proves the rule.  In many ways it tells us why or how

10   narrowly the Court has -- has construed the exceptions

11   to this typical accrual principle.  Hostile work

12   environment does require precisely what Your Honor

13   describes because it's impossible to know precisely when

14   a hostile work environment begins.  Is it the second

15   comment or the fifth or the tenth that someone has to

16   endure in the workplace, and therefore, the Court is

17   willing to consider it as a monolithic whole and treat

18   it that way for accrual purposes.

19          But again, that's the exception that proves

20   the rule.  As Wallace itself concluded, there can be a

21   cutoff, which Wallace imposed between the initial arrest

22   and the post-process arrest, and Wallace itself in that

23   regard, I think, breaks through the notion of a

24   continuing seizure.

25          The final point I would make -- and I think

Official - Subject to Final Review

1    this comes out in one of their amicus briefs; namely,

2    the brief by Professor Alschuler -- taken to its logical

3    conclusion, the logic of continuing seizure may lead one

4    to conclude that the seizure doesn't end until the

5    ultimate period of incarceration concludes.  And what

6    that means is now you have potential civil plaintiffs

7    bringing claims 10, 15, 20 years down the road without

8    any prior notice to the would-be defendants, no ability

9    to maintain evidence and so forth.

10           JUSTICE SOTOMAYOR:  Why do you need to give

11    evidence to somebody who's fabricated the reasons why

12    you're in jail?  And -- and I don't know why you would

13    think that it's important to cut off recovery against

14    the police officer who bases an arrest solely on

15    fabrication.  It doesn't seem so horrible to me.  Years

16    later or immediately, if you've done something as

17    untoward as that, as unconstitutional as that, why

18    should it matter?

19           MR. SCODRO:  Your Honor, two points.  The

20    first is, and this is a point of clarification, we're

21    not suggesting that damages arising from lies at a

22    Gerstein hearing, for lack of a better term for it,

23    would not run subject to traditional common law

24    proximate causation principles through part or all of

25    the pretrial period.  There may well be interrupting

Official - Subject to Final Review

1    events, but that I just want to make clear.  We're not

2    suggesting that those damages may not be available, in

3    this case, had the claim been brought timely for the

4    full 48 days, depending on how those common law

5    proximate cause principles would shake out.

6            The other point -- and this is one that the

7    States made in their amicus brief in Wallace.  They've

8    made it again as have the municipalities as amici.

9    They've made the point that early notice to the State as

10   employer of agents who are engaged in bad acts is

11   extraordinarily important.  Government is intent upon

12   learning sooner rather than later that they have

13   individuals in their ranks that are violating the

14   Constitution.

15           And this Court in Wallace, in turning aside

16   basically the same extension of Heck that is recommended

17   for the Court, or the Court's invited to take in this

18   very case, when they turned it away, they said one of

19   the reasons is we need notice to the would-be defendants

20   in those cases.  They can preserve evidence to ensure --

21           JUSTICE SOTOMAYOR:  You know, counselor,

22   it's not as if most States don't receive that kind of

23   notice in these situations.  The defendants are just not

24   believed in most, until some independent evidence is

25   discovered long after the conviction.  In my

Official - Subject to Final Review

1    experience -- and you can point to one that's

2    different -- I've never come across any of these cases

3    where any defendant falsely accused of a crime hasn't

4    vigorously announced his or her innocence and vigorously

5    tried to tell the authorities this police officer is

6    corrupt.

7            So I'm not -- I don't know what extra notice

8    you need other than that.  The situation is unique.

9    We're talking about total fabrication.  You have so many

10   other ways out of liability, qualified immunity, Franks.

11   There are so many other protections against the State

12   and individual officers for -- for errors.

13           But why should we worry about you not

14   receiving notice?

15           MR. SCODRO:  The reason, Your Honor, is that

16   in this case, when the later accrual principle that

17   Petitioner requests under Heck or as a matter of a

18   common law element, is purchased not only at the price

19   of delayed notice to the would-be defendant, it's

20   purchased at the price of closing the courthouse door on

21   a number of potential Fourth Amendment claimants, those

22   who are subject to unlawful arrest, but are later

23   validly convicted.

24           JUSTICE KAGAN:  Mr. Scodro, can I ask -- I

25   might be misunderstanding this, so you'll tell me if I

Alderson Reporting Company

Official - Subject to Final Review

41

1    am.  But it seems as though the position that you're

2    taking now is diametrically opposed to the position that

3    you took in the Seventh Circuit.  So I'll just read you

4    something, and this is from oral argument, but my clerk

5    tells me that this is what happened.  I think it is not

6    a transcript, but maybe there is.  But at least this is

7    what my clerk tells me happened at oral argument.

8              Judge Rovner says there are ten other

9    circuits that have now recognized this kind of claim,

10   this kind of Fourth Amendment claim.  And she said,

11   let's just assume that we do what those ten other

12   circuits have done, which, of course, they didn't do,

13   but she says let's just assume it.

14             At what point would you think the statue of

15   limitations would begin to run?  And then you -- or

16   maybe not you, but you --

17             (Laughter.)

18             JUSTICE KAGAN:  You say, well, if you were

19   to recognize such a claim --

20             MR. SCODRO:  Yes.

21             JUSTICE KAGAN:  -- the accrual is the time

22   at which the proceedings are terminated in favor of that

23   individual.

24             So in this case it would be -- I think the

25   date would have been May 4, 2011.

Official - Subject to Final Review

1           And then Chief Judge Woods says, so you're

2    assuming that the constitutional tort would follow the

3    same pattern that State law does and require the

4    favorable termination, because if there's no favorable

5    termination for all the policy reasons the States have

6    considered, there's no injury.

7           And again, whoever the lawyer was said,

8    that's correct.

9           So am I misunderstanding this, or are you

10   saying that's not correct; that's wrong?

11          MR. SCODRO:  I think that that is correct

12   insofar as what the lawyer was being asked, as I

13   understand it, having also listened to the argument,

14   Your Honor, is that --

15          JUSTICE KAGAN:  Is there no transcript for

16   this?

17          MR. SCODRO:  I am not aware of a transcript.

18   The Seventh Circuit may especially -- part of that quote

19   appeared in the reply brief in support of the cert

20   petition.  And what that quote makes clear, it seems to

21   me what the lawyer is being asked is, if we are to

22   follow suit, what -- again, taking it back to what

23   was -- this was on a motion to dismiss on limitations

24   grounds.  The -- if -- if they're not able to establish

25   that they have an accrued claim or a claim with a

Official - Subject to Final Review

43

```
 1   delayed accrual sufficient to satisfy the limitations
 2   period or under a traditional Fourth Amendment theory,
 3   can we overcome this limitations period by virtue of
 4   these common law elements.  What the attorney was being
 5   asked, as I -- as I heard that argument, what the
 6   attorney was being asked is, isn't -- do you agree that
 7   what they are trying to do here is join what every other
 8   circuit has done.  And if we join what every other
 9   circuit has done, they would have a favorable
10   termination element.  Or --
11               JUSTICE KAGAN:  Oh, I don't think that
12   that's -- I mean, maybe, I guess.  I mean, it seems to
13   me that the much more natural way of understanding this
14   is to say, look, if we do what every other circuit has
15   done in the sense that we acknowledge that there is a
16   Fourth Amendment claim here, post-legal process,
17   something which you yourself have now acknowledged
18   today, that if we acknowledge that, what would the
19   accrual date be?  And then the lawyer says the accrual
20   date would be the date of termination.
21               MR. SCODRO:  Sure.
22               JUSTICE KAGAN:  And -- and now you're saying
23   it wouldn't be.  And I actually don't know whether it
24   should be or it shouldn't be.  I don't think the Seventh
25   Circuit for a moment considered that question.  And I
```

Official - Subject to Final Review

44

1   guess it's -- it's another reason why I think we should

2   just send the whole thing back.  The Seventh Circuit can

3   figure out whether you forfeited this claim.  The

4   Seventh Circuit can figure out, if you didn't forfeit

5   this claim, what the right answer is.  But to me, this

6   language -- and I have not listened to the tape myself,

7   so I have to admit that -- but to me, this language

8   suggests that you forfeited this.

9             MR. SCODRO:  Yeah.  Your Honor, as I --

10  again, in context, I think what the lawyer was being

11  asked is, if they get the benefit -- and I believe the

12  quote in the reply in support of the -- the part of the

13  quote that appears in the reply in support of the cert

14  petition includes a reference to, well, along with the

15  common law elements, the lawyer is saying, yes, if they

16  were to get the benefit -- this is what they're trying

17  to do.  I mean, no one denied it.  What they were saying

18  in the briefs was we want the benefit of the

19  four-element tort recognized in other circuits, most

20  because they're just adopting wholesale the tort; a few,

21  because they seem -- they cite Heck in lieu of the

22  common law element.  And the question was, if we give

23  them what they're asking for, that is, if this Court

24  follows those other courts, would they have a May 4th

25  accrual date?  And the answer is yes.  Because that's

Official - Subject to Final Review

1    what they've been seeking all along.

2            JUSTICE BREYER:  Why not?

3            Look, the person is being held because the

4    magistrate listening to the policeman detained him, and

5    the magistrate and everybody was very unreasonable, da,

6    da, da.  Okay?

7            Now he's there.  Day one.  Can you bring a

8    case?  Yes.  Why not?

9            He's been under -- day two.  Yes.

10           And he's been held for 90 days.  And I can

11   say the same thing, but I won't, up to each of the 90

12   days.  90th day, he's released.  It's now the 91st day.

13   Can he bring it?  Yes.  But now we only have two years.

14   Why only two years?  Because we're looking for an

15   analogous statute of the State to give us a -- a limit,

16   and the analogous one, though not perfectly fitting, is

17   malicious prosecution, and that had two years, and

18   that's why.  Two years after the release date is the

19   longest.  You had better bring it before then, because

20   that's two years since you were unlawfully held.

21           Now, what's wrong with what I just said?

22           MR. SCODRO:  Well, Your Honor, two points in

23   response to that.

24           The first would be Wallace says or holds

25   that if you have the claim on day one, then that -- it

Official - Subject to Final Review

46

1    is -- it's accruing on day one.  We're not going to give

2    you -- there's no extant conviction.

3            JUSTICE GINSBURG:  But it's a different

4    claim.  One claim is for arrest, and the other is for

5    prolonged detention.  Two different claims.  That's why

6    I took issue with you when you said if you hold for this

7    Petitioner, then people who are falsely arrested but

8    properly convicted will have no claim.  I don't -- I

9    don't see that.  They have a false arrest claim.  They

10   don't have a prolonged detention claim.

11           MR. SCODRO:  Well, Your Honor, I think what

12   would happen, they wouldn't have a claim based on

13   misstatements at the Gerstein hearing if, in order to

14   make out that claim as Petitioners contend, they would

15   have to show that ultimately their criminal litigation

16   terminated in their favor.  That's the request.  If Heck

17   is extended or the common law element is extended -- and

18   this is why it's not the best analogue, Your Honor.  And

19   if it -- if it would be helpful to have a common law

20   point of guidance on this, in Footnote 12 of our brief,

21   we provide a list of common law cases, an example of

22   common law cases in which the Court addressed a question

23   like this.

24           We have an ex parte proceeding in which a

25   magistrate has issued -- I'll take the Stewart case,

Official - Subject to Final Review

47

1   which is the third of the three cited.  The person

2   serves six months in jail on the warrant, but there's

3   never a prosecution.  It never blossoms.  He's released,

4   and he sues for malicious prosecution.  And the

5   defendant in the malicious prosecution contends that

6   they're not -- that they're unable to show successful

7   outcome --

8            JUSTICE BREYER:  What's your -- what's the

9   best one?  What's the best analogy?

10            MR. SCODRO:  That it's -- this form of

11   malicious prosecution where you didn't have to prove

12   favorable termination, because all that was against you

13   at that point was an ex parte determination with State

14   law like that.  This was --

15            JUSTICE BREYER:  What is your opinion?  What

16   is the State law that does apply the best analogy?

17            MR. SCODRO:  I think the closest analogy

18   is -- is false arrest.

19            JUSTICE BREYER:  False arrest.  Okay.

20            So now, what is this -- what is the -- what

21   is the statue of limitations for false arrest?

22            MR. SCODRO:  The State law, it's still the

23   personal injury limitations period of two years.

24            JUSTICE BREYER:  Okay.  Fine.  So he was

25   being detained for up to, let's say, the 90th -- 90th

Official - Subject to Final Review

48

 1    day.  He's still being detained.  So now we'll count the

 2    90th day as the beginning of the two-year running.  And

 3    so now we run it for two years, and it's still May 12th

 4    or whatever.

 5              MR. SCODRO:  But, Your Honor, a false arrest

 6    claim under Wallace accrues once process begins.  So

 7    it's not running for that 90 days.  It would include --

 8              JUSTICE BREYER:  Why not?

 9              MR. SCODRO:  Well, as we --

10              JUSTICE BREYER:  Either he's being

11    held under -- isn't he being held unlawfully on the 41st

12    day?

13              And after all, we're not -- we're not

14    copying the State law.  All we're doing is trying to

15    find an analogous period of time.

16              MR. SCODRO:  But, Your Honor, by imposing

17    the favorable termination element of the common law

18    claim, it would run headlong into the Fourth Amendment

19    aims; what the Fourth Amendment is geared to vindicate.

20              The Fourth Amendment, this Court has held,

21    is there for the guilty and innocent alike.  And in this

22    case, what -- what -- the cost of borrowing that

23    favorable termination element and importing it into a

24    claim based solely on lies and an ex parte proceeding,

25    which is what we're talking about with the Gerstein

Official - Subject to Final Review

1    hearing, doing so would mean that if you're the victim

2    of lies at a Gerstein hearing and you're detained, but

3    ultimately you are constitutionally convicted as

4    evidence amasses against you, the need to show favorable

5    termination, it will be impossible for that plaintiff.

6    And so the Fourth Amendment right will not be something

7    that that plaintiff can vindicate.  That's the reason

8    that Wallace didn't allow Heck to expand to instances

9    like this where you're not challenging the wrongful

10   conviction itself.

11           And what they have asked, their claim is

12   narrow, and the way to resolve this case is -- is now

13   equally narrow.  The way to resolve the case is to

14   conclude that whenever this -- your Fourth Amendment

15   claim could run through the arraignment after indictment

16   in this case, which still -- which was still out of the

17   two-year limitations period.  But it doesn't -- it is

18   not entitled to that favorable termination element which

19   would have the effect of closing off the courthouse

20   doors to a universe of claims in order to buy extra time

21   in this case.  And that is what we urge the Court not to

22   do.  And that is the simplest way.

23           JUSTICE GINSBURG:  What you're saying is if

24   you're falsely arrested, you have a good claim for false

25   arrest.  It doesn't matter that you were properly

Official - Subject to Final Review

50

1    convicted.  But if you are not only falsely arrested,

2    but if your detention continues, then you have a claim

3    for the continued detention.

4              MR. SCODRO:  For violation of the Gerstein

5    hearing, Your Honor.  And -- and I do -- for lies, under

6    Gerstein.

7              I do want to be clear in saying that the

8    closest analogous tort is false arrest, that is treating

9    it the way I think the Seventh Circuit has, which is

10   that it runs up until what we call the first appearance

11   where you have the initiation of adversarial process.

12   By no means does the limitations period, or is there a

13   tolling that runs from the period of the lie at the

14   Gerstein hearing through the pretrial period.

15             As I said at the outset, that is subject to

16   traditional tort common law principles of -- of

17   proximate cause.  And there may well be damages

18   recoverable for that period, but it's based on the lie

19   at the Gerstein hearing.  And as Wallace held, Heck

20   cannot be extended to apply to a claim that exists

21   before you have an extant conviction.

22             JUSTICE KENNEDY:  Just one more time.

23             Suppose you have arrest; Gerstein hearing --

24             MR. SCODRO:  Yes, Your Honor.

25             JUSTICE KENNEDY:  -- filing of formal

Official - Subject to Final Review

51

1    charges, either information or indictment; pretrial

2    suppression hearing, at which both parties are

3    represented --

4              MR. SCODRO:  Yes.

5              JUSTICE KENNEDY:  -- and the false evidence

6    is -- is not -- its falsity has not been known and so

7    you're detained.  And then trial.

8              When does the Fourth Amendment violation

9    end?

10             MR. SCODRO:  Sure.  You would have it --

11   this returns to Justice Ginsburg's point.  You would

12   have a Fourth Amendment claim for the initial

13   warrantless arrest.  You would have a Fourth Amendment

14   claim for misstatements at a Gerstein hearing that then

15   led to ongoing pretrial seizure.  And the damages from

16   that claim may run throughout the period of pretrial

17   seizure.

18             But with regard to the nature of the

19   constitutional violation that occurs at subsequent

20   processes, be they grand jury, bail hearings,

21   preliminary hearings, those are traditional due process

22   claims consistent with this Court's holding in Mooney --

23   frankly, in Brady, which has applied due process to

24   prosecutorial duties and police duties during that

25   period.

Official - Subject to Final Review

52

1              So I -- I hope that answers Your Honor's

2      question.  Whether or not those damages run throughout

3      that period, or whether they're reduced by virtue of an

4      intervening cause would be a question -- application of

5      traditional proximate cause.

6              JUSTICE KENNEDY:  I understand.  Opposing

7      counsel or defendant's counsel ever present in a

8      Gerstein hearing?

9              MR. SCODRO:  Generally, in this case, yes.

10     Often they are because the Gerstein determination is

11     frequently made as part of the first appearance, which

12     is to say -- which is the moment in time which this

13     Court held you have a Sixth Amendment -- your Sixth

14     Amendment right attaches.

15             May I complete the answer, Your Honor?

16             CHIEF JUSTICE ROBERTS:  I'm sorry?

17             MR. SCODRO:  May I complete the answer?

18             CHIEF JUSTICE ROBERTS:  You have more?  Go

19     ahead.

20             MR. SCODRO:  Thank you.

21             (Laughter.)

22             MR. SCODRO:  Thank you.

23             So I want to return to the point I was

24     making, which now -- I apologize.  I don't know if I've

25     answered Your Honor's --

Official - Subject to Final Review

53

1          CHIEF JUSTICE ROBERTS:  You were talking
2    about that the --
3          MR. SCODRO:  Yes.
4          CHIEF JUSTICE ROBERTS:  -- Gerstein hearing
5    is often combined --
6          MR. SCODRO:  Yeah.  It's often combined with
7    the first appearance.  And the reason -- actually, this
8    Court has contemplated that in Rothgery and Gerstein
9    itself.  It's often a matter of convenience that at that
10   point, it's when the individual's informed of the
11   charges, their Sixth Amendment right attaches and bail
12   is set as well.
13         Thank you.
14         CHIEF JUSTICE ROBERTS:  Thank you, counsel.
15         MR. SCODRO:  Thank you.
16         CHIEF JUSTICE ROBERTS:  Mr. Eisenhammer, you
17   have three minutes remaining.
18         REBUTTAL ARGUMENT OF STANLEY B. EISENHAMMER
19             ON BEHALF OF THE PETITIONER,
20              AS APPOINTED BY THIS COURT
21         MR. EISENHAMMER:  Thank you.
22         Just to answer Justice Kennedy's question
23   about reasonable error on a detention, in that
24   situation, the officer would have the qualified immunity
25   defense that would, assuming it was objectively

Case 1:16-cv-00103-TWP-MJD   Document 50-23   Filed 02/13/17   Page 54 of 69 PageID #: 1146
Official - Subject to Final Review

54

1   reasonable, he would -- he would be protected in that

2   situation.

3            With respect to the Seventh Circuit's

4   decision --

5            JUSTICE KENNEDY:  But there's still a Fourth

6   Amendment violation?

7            MR. EISENHAMMER:  There's still a Fourth

8   Amendment violation, but he would have qualified

9   immunity if it -- if he acted with objective

10  reasonableness.  Because it's a Fourth -- Fourth

11  Amendment doesn't have any intent.  You either violate

12  it or not violate it.  There's either probable cause or

13  not.  And then you could superimpose qualified immunity.

14           The Seventh Circuit would have said that

15  there is -- there's no Fourth Amendment right, whether

16  or not the Petitioner filed his claim three years, four

17  years, a million years ago, or the day after he was

18  released.  That's -- that's their position.  So that's

19  why we're here on the question, whether this is a Fourth

20  Amendment violation.  We reject the -- the Seventh

21  Circuit's view that it's a due -- due process.

22           JUSTICE SOTOMAYOR:  So you -- you don't care

23  that we don't reach the statute of limitations.

24           MR. EISENHAMMER:  Correct.  But I do want to

25  note that the Seventh Circuit, with respect to the

1    statute of limitations to the accrual point -- point,

2    uses favorable termination in their due process cases.

3            JUSTICE ALITO:  What happens in this

4    situation?  The person is -- is initially arrested and

5    held for a period of time based on fabricated evidence,

6    but then before trial, shortly before -- before trial,

7    other valid evidence is gathered and the person is

8    convicted at the trial.  Now, does that person have the

9    kind of claim that you are asserting?  And if so, when

10   would -- when would the claim accrue?  Would the

11   favorable termination defeat the claim?

12           MR. EISENHAMMER:  The -- he would -- at that

13   point, if you use Heck as the case that covers this

14   particular issue, he would not -- since he was convicted

15   under Heck, he would not be able to bring the claim if

16   that claim attacks the conviction.

17           If it doesn't attack the conviction, as the

18   Court sort of pointed out in, I think it was in Footnote

19   7 on suppression hearings or on evidence --

20           JUSTICE ALITO:  I'll say it attacks -- it

21   attacks the unlawful detention.

22           MR. EISENHAMMER:  So it wouldn't have the --

23           JUSTICE ALITO:  It's not the conviction.  It

24   would not be defeated by --

25           MR. EISENHAMMER:  Then -- then I would say

Official - Subject to Final Review

1    under Heck, the Heck exception, they could bring -- they

2    could bring then suit.

3             JUSTICE ALITO:  Then when would the claim

4    accrue?

5             MR. EISENHAMMER:  I think it would accrue at

6    that point, at the conviction, as I read Heck.  Because

7    I think it would be -- it would be -- in this particular

8    case, it would be unfair to the -- to the individual to

9    speculate on whether -- what evidence comes out at the

10    -- at the trial to determine whether or not that

11    really -- that probable cause determination may or may

12    not attack the -- the --

13            JUSTICE ALITO:  Well, if the outcome of

14    the -- of the trial is irrelevant to the Fourth

15    Amendment claim, as it would seem to be in the case of

16    an unlawful detention, then why should the claim not --

17    why should the accrual of the claim be tied to the

18    termination of the prosecution?

19            MR. EISENHAMMER:  Because at the -- at the

20    time it -- it has occurred, you -- well, two reasons.

21    You don't know at that time whether or not it does

22    attack the conviction.

23           And second, you don't -- you don't want --

24    because you don't know whether that evidence heard at

25    the -- at the -- at the -- at the Gerstein hearing may

Official - Subject to Final Review

57

1   or may not -- some of it may come in; some of it may

2   not.

3                   And then the other issue -- the other issue

4   is that you don't want parallel litigation going on,

5   or -- or collateral attack for many of the reasons

6   that -- that was stated in Kaley.

7                   CHIEF JUSTICE ROBERTS:  Thank you, counsel.

8                   The case is submitted.

9                   (Whereupon, at 2:03 p.m., the case in the

10  above-entitled matter was submitted.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Official - Subject to Final Review

58

**A**

ability 38:8
able 42:24 55:15
above-entitled
   1:12 57:10
absolute 21:2
absolutely 23:11
   26:6 34:9
accept 12:14
   33:7,8
account 21:21
accrual 4:8,13
   4:19 7:1 13:21
   15:21 24:7,8
   24:25 25:23
   26:4 27:17,20
   30:6 33:5 35:2
   35:12 36:13
   37:2,4,11,18
   40:16 41:21
   43:1,19,19
   44:25 55:1
   56:17
accrue 6:2 30:10
   55:10 56:4,5
accrued 29:2,3
   42:25
accrues 30:10
   48:6
accruing 46:1
accused 40:3
acknowledge
   43:15,18
acknowledged
   43:17
acquitted 4:23
acted 54:9
action 3:22
actionable 36:11
acts 39:10
addressed 46:22
adjudicator
   5:19
admission 27:7
admit 44:7
adopt 31:16

adopting 34:17
   44:20
adopts 24:23
adversarial
   50:11
advocate 25:6
affidavit 34:1
affirm 3:20
afford 20:3
afternoon 28:6
agent 21:4
agents 39:10
ago 54:17
agree 26:14
   31:10,10 36:9
   43:6
agreement 14:6
   14:8,9
agrees 31:21
ahead 52:19
aims 48:19
AL 1:6
Albright 3:21
   15:19
alike 48:21
ALITO 14:17
   15:2,9 20:13
   21:3,8,16,23
   22:6 55:3,20
   55:23 56:3,13
Alito's 31:18
allegation 20:8
allow 7:15 13:6
   23:22 31:11
   49:8
allowing 20:5
allows 20:6
Alschuler 38:2
alternative 16:2
amasses 49:4
amendment
   3:13,17,17,22
   4:16,18,20 5:6
   7:13,16 8:12
   8:15,16,23
   9:18 10:18,24
   11:4,5,9,12,23

12:19 13:15,19
   13:22,24 14:3
   14:15 15:6,7
   15:10,15 16:6
   16:8,10,25
   17:9 18:4,5,7
   18:12,22,25
   19:3,12,20
   20:1,3,12,23
   22:20 23:1,20
   23:23,25 24:3
   26:5,8,11,17
   26:25 27:8,11
   28:10,24 29:2
   29:5,6,8,18,23
   30:2,3,8,12,17
   31:1,8 32:7,13
   32:14,20 33:14
   34:6 35:8,10
   35:14,16,22
   36:1,12 40:21
   41:10 43:2,16
   48:18,19,20
   49:6,14 51:8
   51:12,13 52:13
   52:14 53:11
   54:6,8,11,15
   54:20 56:15
amici 39:8
amicus 1:21 2:8
   17:24 38:1
   39:7
analogous 26:10
   32:8 45:15,16
   48:15 50:8
analogue 27:16
   46:18
analogy 24:9,13
   25:2,24 32:25
   33:18,21,23
   34:8 47:9,16
   47:17
announced 40:4
answer 15:6
   16:12 27:9
   31:17 33:23,24
   34:8 44:5,25

52:15,17 53:22
answered 11:14
   52:25
answers 52:1
anyway 33:12
apologize 52:24
appeal 8:9 31:14
appealed 28:17
appearance
   50:10 52:11
   53:7
APPEARAN...
   1:15
appeared 11:18
   42:19
appears 44:13
application 52:4
applied 51:23
applies 8:23
   12:22 32:7
   35:2
apply 18:5 21:22
   26:15 34:25
   35:3,18 47:16
   50:20
appointed 1:17
   2:4,15 3:8
   53:20
approach 25:19
appropriate
   26:7
argued 16:2
arguing 14:12
   24:10 36:21
argument 1:13
   2:2,6,10,13 3:3
   3:6 6:15 17:23
   19:24 28:1
   33:8 36:17
   41:4,7 42:13
   43:5 53:18
arising 38:21
Arlington 1:16
arraignment
   29:23 30:2,9
   49:15
arrest 8:1 17:1

18:20 29:16,22
   32:1,4,7 36:3,4
   37:21,22 38:14
   40:22 46:4,9
   47:18,19,21
   48:5 49:25
   50:8,23 51:13
arrested 5:4
   12:17 36:1
   46:7 49:24
   50:1 55:4
arrests 31:22,23
   35:15
aside 39:15
asked 42:12,21
   43:5,6 44:11
   49:11
asking 9:20
   16:19 29:4
   44:23
asserting 55:9
Assistant 1:19
assume 41:11,13
assuming 22:20
   33:14 42:2
   53:25
attaches 52:14
   53:11
attack 13:1,2,7,8
   55:17 56:12,22
   57:5
attacks 55:16,20
   55:21
attorney 13:7
   43:4,6
authorities 40:5
available 18:19
   39:2
aware 42:17

**B**

B 1:16 2:3,14
   3:6 53:18
back 13:18,22
   14:4 15:12
   26:6 42:22
   44:2

Official - Subject to Final Review

**bad** 33:11 35:15
    39:10
**bail** 12:1 51:20
    53:11
**bar** 29:7
**barred** 26:2
**bars** 20:23 27:13
**based** 5:20 7:15
    8:15 23:23
    24:25 29:1
    36:5 46:12
    48:24 50:18
    55:5
**bases** 38:14
**basic** 30:5
**basically** 39:16
**basis** 10:17
    29:19
**battle** 31:4
**beginning** 11:2
    17:12 48:2
**begins** 4:19 26:9
    37:14 48:6
**behalf** 1:17,23
    2:4,12,15 3:7
    28:2 53:19
**believe** 9:12,12
    21:13 44:11
**believed** 39:24
**benefit** 36:19
    44:11,16,18
**best** 46:18 47:9
    47:9,16
**better** 38:22
    45:19
**beyond** 7:14
    12:8 23:22
    27:1
**Bivens** 21:21
    22:12,14
**blossomed** 30:25
**blossoms** 47:3
**book** 8:1
**borrowing**
    48:22
**Brady** 51:23
**breaking** 6:11

**breaks** 37:23
**breed** 29:5
**BREYER** 22:16
    31:20 32:3,6
    32:10 33:7,17
    45:2 47:8,15
    47:19,24 48:8
    48:10
**brief** 21:9,16,17
    21:20 22:7
    34:24 38:2
    39:7 42:19
    46:20
**briefed** 14:2
**briefing** 24:18
**briefs** 38:1
    44:18
**bring** 3:13,23
    9:21 18:16
    20:21 27:12
    45:7,13,19
    55:15 56:1,2
**bringing** 20:19
    38:7
**brings** 31:24
**broadly** 12:5
**brought** 15:19
    33:9 39:3
**buy** 49:20

————————
**C**
————————
**C** 2:1 3:1
**call** 50:10
**calling** 34:19
**care** 54:22
**careful** 36:16
**case** 3:4,12,15
    3:18 7:22,25
    9:11 10:25
    12:22 13:3,8,9
    13:13 17:5
    22:9,10,18
    24:20 25:21
    27:22 31:5
    33:2 37:7,8
    39:3,18 40:16
    41:24 45:8

46:25 48:22
    49:12,13,16,21
    52:9 55:13
    56:8,15 57:8,9
**cases** 5:13 8:15
    37:3 39:20
    40:2 46:21,22
    55:2
**causation** 6:11
    20:18 38:24
**cause** 3:22 5:3
    5:17 7:5 9:5
    13:8 16:23
    18:9,15,18,21
    20:6,11 24:13
    25:6,8 26:24
    28:9 34:3
    35:20 39:5
    50:17 52:4,5
    54:12 56:11
**cert** 31:5,13
    36:18 42:19
    44:13
**certainly** 16:7
**cetera** 31:23
    33:15
**chain** 6:11
**challenge** 24:10
**challenging**
    29:20 49:9
**characterize** 4:2
**characterized**
    16:5
**charge** 18:16
    20:19,21 22:11
    25:7
**charges** 8:11
    18:13 20:9
    51:1 53:11
**cherry** 25:15
**Chicago** 1:23
**Chief** 3:3,9,25
    4:15 5:5 7:10
    11:7,13 16:1
    17:21 18:1
    23:24 25:12
    27:24 28:3

42:1 52:16,18
    53:1,4,14,16
    57:7
**choosing** 25:25
**circuit** 3:23,24
    13:13,14,18,25
    18:11 26:7,13
    28:11,13,22,22
    29:15 30:1,13
    30:23 31:1,10
    32:17 34:4
    41:3 42:18
    43:8,9,14,25
    44:2,4 50:9
    54:14,25
**Circuit's** 26:3
    29:14 54:3,21
**circuits** 14:1
    32:16,18,22
    34:12,15 41:9
    41:12 44:19
**circumstance**
    35:18
**circumstances**
    19:1 22:1,9
    26:15
**cite** 44:21
**cited** 47:1
**City** 1:6 3:4
**civil** 35:20 38:6
**claim** 3:13 4:3
    4:17,18,23 5:1
    5:6 7:11,15
    8:16,19 9:6,10
    9:15,18,22
    10:12,18 11:19
    13:15,19,22,24
    14:4 15:3,10
    15:12,13,15,16
    15:21,22,23
    16:3,6,8,10,16
    16:19 17:9,12
    20:11,11,16
    21:22 22:14
    23:23 24:1,21
    25:5,15 26:10
    26:11,17,25

28:19,21,24,25
    29:2,5,6,9 30:2
    30:9,12 31:2
    31:12,19 32:1
    32:3,4 35:8,11
    36:1 39:3 41:9
    41:10,19 42:25
    42:25 43:16
    44:3,5 45:25
    46:4,4,8,9,10
    46:12,14 48:6
    48:18,24 49:11
    49:15,24 50:2
    50:20 51:12,14
    51:16 54:16
    55:9,10,11,15
    55:16 56:3,15
    56:16,17
**claimants** 40:21
**claimed** 28:19
    36:19
**claiming** 6:21
    11:11 16:15
**claims** 7:20 17:1
    20:9 21:1
    27:12 28:16
    30:17 35:22,25
    38:7 46:5
    49:20 51:22
**clarification**
    38:20
**clarify** 21:14
**clause** 29:19
**clear** 31:6 35:1
    36:9 39:1
    42:20 50:7
**clearly** 30:1
**clerk** 41:4,7
**close** 7:25 18:17
    19:3 35:21
**closest** 24:9,13
    32:25 47:17
    50:8
**closing** 40:20
    49:19
**co-counsel** 26:17
**coexist** 16:3

Official - Subject to Final Review

60

collateral 13:1,2
  57:5
collaterally 13:6
  13:7
column 29:13
combined 53:5,6
come 40:2 57:1
comes 26:19
  30:19,24 35:3
  38:1 56:9
comment 37:15
common 4:11
  24:9,24 25:2,4
  25:10,24 26:1
  34:11,18 38:23
  39:4 40:18
  43:4 44:15,22
  46:17,19,21,22
  48:17 50:16
common-law
  7:7
complaining
  16:4
complete 52:15
  52:17
conclude 38:4
  49:14
concluded 37:20
concludes 38:5
conclusion 38:3
conclusions
  28:23
concurrence
  11:18 12:10
conditions 12:9
conflicting
  12:24
confused 7:10
consequence
  11:8
consider 37:17
considered 42:6
  43:25
consistent 30:22
  51:22
consonance
  23:25

Constitution
  15:24 39:14
constitutional
  3:19 7:1,2
  16:23 17:6
  18:4 23:14
  24:5,23 27:3
  32:4 42:2
  51:19
constitutionally
  49:3
construed 37:10
contemplated
  53:8
contemplates
  35:15
contend 46:14
contends 47:5
context 28:14
  30:21 44:10
continue 27:8
continued 50:3
continues 7:14
  12:15 23:21
  30:9 36:7 50:2
continuing 36:5
  36:6,17,22,24
  37:24 38:3
convenience
  53:9
convicted 4:22
  8:8 23:3 26:18
  27:17 35:8,10
  40:23 46:8
  49:3 50:1 55:8
  55:14
conviction 8:16
  8:21,24 9:3
  10:15,22 23:6
  35:4 39:25
  46:2 49:10
  50:21 55:16,17
  55:23 56:6,22
convictions 23:8
  35:16
copying 48:14
core 24:10

correct 5:23 6:3
  6:4,8,8,12,13
  6:13 15:25
  24:4 32:2 33:4
  42:8,10,11
  54:24
correctly 6:15
corrupt 16:18
  17:11 20:15
  40:6
corrupted 5:11
  5:18,24 14:25
  17:10
cost 48:22
counsel 17:21
  27:24 52:7,7
  53:14 57:7
counselor 39:21
count 48:1
County 17:13
couple 36:14
course 19:5
  36:20 41:12
court 1:1,13,18
  2:5,16 3:8,10
  3:20 4:9 7:18
  10:7,21 12:7
  12:25 15:14
  16:19 17:16
  18:2,3,6,13,21
  22:14 25:6
  27:6,14,15
  28:4,6,18
  30:15,16,21,24
  31:13,15,15
  33:5 35:6,14
  37:3,10,16
  39:15,17 44:23
  46:22 48:20
  49:21 52:13
  53:8,20 55:18
Court's 12:11
  25:1 34:22
  39:17 51:22
courthouse
  40:20 49:19
courts 25:5 33:6

36:23 44:24
cover 11:5 14:16
covers 11:23
  55:13
credit 6:17
crime 40:3
criminal 12:25
  13:9 18:12,16
  22:11 25:7
  26:9 46:15
curiae 1:21 2:8
  17:24
custody 10:19
  31:24
cut 38:13
cutoff 10:15
  37:21

_____

D

D 3:1
D.C 1:9,20
da 45:5,6,6
damage 10:3
damages 38:21
  39:2 50:17
  51:15 52:2
date 13:21 24:7
  30:6 33:5
  41:25 43:19,20
  43:20 44:25
  45:18
day 26:20 35:21
  45:7,9,12,12
  45:25 46:1
  48:1,2,12
  54:17
days 5:8 39:4
  45:10,12 48:7
dealt 11:19
decide 13:19
  14:5 15:23
  16:10
deciding 16:7
decision 3:16
  11:21,22 13:8
  16:15 19:3
  25:1 30:25

34:22 54:4
decisions 12:24
defeat 55:11
defeated 55:24
defendant 8:2
  20:14 40:3,19
  47:5
defendant's
  52:7
defendants 38:8
  39:19,23
defense 13:3
  53:25
define 17:6
defined 24:18
defining 12:4
delayed 35:2,11
  40:19 43:1
demands 25:21
denied 44:17
Department
  1:20
depending 12:8
  25:20 39:4
depends 20:18
  23:14
describe 17:10
described 16:22
  36:10
describes 37:13
describing 24:2
detain 11:21
detained 6:3
  19:16 20:5,9
  22:24 45:4
  47:25 48:1
  49:2 51:7
detention 3:14
  5:2,7 6:2,7 7:3
  7:22 8:13 10:1
  12:5,8,15
  15:17,24 16:5
  16:17,17,21,23
  16:24 17:12
  18:8,10 20:11
  24:3,12 29:20
  29:22,22 36:2

46:5,10 50:2,3
53:23 55:21
56:16
**detentions** 14:16
18:6
**determination**
5:16 18:8,15
20:7 25:7,8
47:13 52:10
56:11
**determine** 4:6
24:6 56:10
**determines**
18:21
**detriment** 13:2
13:10
**diametrically**
41:2
**different** 8:21
10:24 11:8
12:18 21:10
22:12,15 23:8
24:2 29:5
30:11 40:2
46:3,5
**differently**
24:18 29:11
**difficult** 31:21
**direct** 30:15
**disagree** 28:11
**discovered**
39:25
**discrete** 35:25
**discuss** 28:25
**dismiss** 28:15
42:23
**dismissed** 8:11
27:23 28:16
**dispute** 34:4,5
**disputing** 28:7
**distinct** 26:22
**distinction** 22:4
**distinguish** 7:22
**district** 28:18
**doctrine** 25:11
**dog** 17:15
**doing** 48:14 49:1

**door** 35:22
40:20
**doors** 49:20
**doubt** 27:2
**drastic** 34:22
**draw** 22:4
**drug** 20:9
**due** 3:16 8:18
9:5 10:22 11:9
11:18,19,23
16:2,5,10,16
27:2 29:19
51:21,23 54:21
54:21 55:2
**duties** 51:24,24
_____
**E**
**E** 2:1 3:1,1
**earlier** 5:13
31:18
**early** 29:3 39:9
**effect** 49:19
**Eisenhammer**
1:16 2:3,14 3:5
3:6,9 4:5 5:1,7
5:22 6:4,8,13
6:16,23 7:5,17
8:14,18,25
9:12,17,24
10:2,5,11,20
11:3,11,16
12:3,6,20
13:11 14:6,9
14:13,20,24
15:5,14,18,25
16:9 17:7
53:16,18,21
54:7,24 55:12
55:22,25 56:5
56:19
**Eisenstein** 1:19
2:7 17:22,23
18:1,24 19:5
19:11,17,21
20:2,17 21:5
21:12,18 22:3
22:8 23:11

24:4,22 25:22
26:21 27:9,22
**either** 22:23
48:10 51:1
54:11,12
**element** 10:7
24:16 25:5
28:20 31:16
32:24 35:3
40:18 43:10
44:22 46:17
48:17,23 49:18
**elements** 13:20
24:6,17,20,24
31:19 33:19
35:9 37:6 43:4
44:15
**ELIJAH** 1:3
**employer** 39:10
**ends** 8:16 36:4,7
**endure** 37:16
**enforcement**
21:10,11
**engaged** 39:10
**ensure** 39:20
**entire** 8:12
**entirely** 20:10
**entitled** 35:11
49:18
**environment**
37:8,12,14
**equally** 49:13
**erred** 26:7
**error** 18:11
20:25 26:4,12
53:23
**errors** 20:7
40:12
**especially** 42:18
**ESQ** 1:16,19,23
2:3,7,11,14
**essential** 28:7
**establish** 42:24
**et** 1:6 31:23
33:14
**events** 39:1
**eventually** 4:22

**everybody** 45:5
**evidence** 8:1,3,4
8:6,7,10 9:10
9:22 18:19
20:10 22:10
23:3 27:7
33:11 38:9,11
39:20,24 49:4
51:5 55:5,7,19
56:9,24
**ex** 35:19 46:24
47:13 48:24
**exactly** 16:25
17:18 23:12
**example** 26:2
46:21
**examples** 25:13
**exception** 37:8
37:19 56:1
**exceptions** 37:10
**exercise** 35:6
**exist** 5:15 35:5
**exists** 13:24 15:4
50:20
**expand** 49:8
**expanded** 34:25
**expanding**
35:18
**experience** 40:1
**experiences** 37:5
**explain** 12:13
31:13
**expressed** 12:21
**extant** 35:4 46:2
50:21
**extend** 31:2
**extended** 17:14
17:15,19 36:3
46:17,17 50:20
**extension** 25:11
34:22,22 39:16
**extent** 20:24
**extra** 40:7 49:20
**extraordinarily**
39:11
_____
**F**

**F.B.I** 21:3
**fabricated** 8:3,3
8:6,8,10 9:10
9:22 18:18
20:10 22:10
38:11 55:5
**fabricates** 8:1
**fabrication**
17:20 38:15
40:9
**fabulous** 33:20
**face** 37:2
**facially** 36:18
**fact** 20:4,6 23:13
30:16
**factors** 21:20
**facts** 5:15 11:6
**factual** 20:7
**falls** 20:25 29:23
30:3
**false** 5:20 17:1,1
17:3 27:18
30:17 32:1,4,7
36:5 46:9
47:18,19,21
48:5 49:24
50:8 51:5
**falsehoods** 34:2
**falsely** 40:3 46:7
49:24 50:1
**falsity** 51:6
**far** 23:5,17
25:25 33:3
**fashion** 7:8
**fate** 31:14
**favor** 41:22
46:16
**favorable** 4:14
4:15,25 10:6
26:14 28:19
31:16 34:11,16
34:19 35:3
36:20 42:4,4
43:9 47:12
48:17,23 49:4
49:18 55:2,11
**favorably** 4:18

Official - Subject to Final Review

**Federal** 4:10 21:6,11 22:2 25:23 27:19
**fifth** 32:17 37:15
**figure** 44:3,4
**filed** 8:9 18:13 54:16
**filing** 50:25
**final** 37:25
**find** 8:10 18:11 26:20 27:17 48:15
**finding** 26:24 27:1 28:9 35:19
**finds** 34:3
**Fine** 47:24
**finish** 6:7
**first** 3:12 29:15 36:16 37:1,5 38:20 45:24 50:10 52:11 53:7
**fitting** 45:16
**flesh** 25:13 33:24
**flowed** 26:4
**follow** 32:24 42:2,22
**follows** 21:7 44:24
**Footnote** 46:20 55:18
**force** 6:10
**foreclosed** 21:1
**forfeit** 44:4
**forfeited** 44:3,8
**form** 47:10
**formal** 50:25
**forth** 20:20 38:9
**forward** 23:13
**found** 17:16 30:16
**four** 54:16
**four-element** 34:18 44:19
**Fourth** 3:13,17

3:22 4:16,18 4:19 5:6 7:13 7:16 8:12,15 8:16,16,23 9:18,18 10:18 11:4,9,12,23 12:19 13:15,19 13:22,23 14:3 14:15 15:6,7 15:10,15 16:6 16:8,10,25 17:9 18:4,5,7 18:12,22,25 19:2,12,19,25 20:3,12,22 22:19,25 23:20 23:23,25 24:2 26:5,8,11,16 26:25 27:8,11 28:10,24 29:2 29:5,6,8,18,23 30:1,3,8,11,17 31:1,7 32:6,13 32:14,19 33:14 34:5 35:8,10 35:14,16,22 36:1,11 40:21 41:10 43:2,16 48:18,19,20 49:6,14 51:8 51:12,13 54:5 54:7,10,10,15 54:19 56:14
**frame** 28:5
**framework** 23:9 23:12
**frankly** 51:23
**Franks** 25:9,11 40:10
**free** 7:13 23:21
**frequently** 52:11
**front** 32:11
**full** 13:16 39:4
**fundamental** 30:23
**further** 33:2

### G

**G** 3:1
**gathered** 55:7
**geared** 48:19
**general** 1:20 9:9
**generally** 5:14 9:8,21 10:21 52:9
**Gerstein** 7:20 8:2,21,24 9:1,1 9:11,15,23 12:6,7,11 17:11 28:9 29:1 31:9 34:2 35:14 38:22 46:13 48:25 49:2 50:4,6,14 50:19,23 51:14 52:8,10 53:4,8 56:25
**Ginsburg** 10:14 11:1 12:5,13 26:16 35:24 46:3 49:23
**Ginsburg's** 12:10 51:11
**give** 7:24 38:10 44:22 45:15 46:1
**gives** 29:19
**go** 12:8 15:12 26:6 29:16,18 33:2,10 52:18
**goes** 25:25 31:11 34:13
**going** 32:23 34:19 46:1 57:4
**good** 12:21 19:24 33:21,23 35:15 49:24
**governed** 3:16 24:9 25:24 27:12
**government** 23:12 39:11

**grand** 5:14 9:2 26:25 51:20
**great** 33:19
**grounds** 42:24
**guess** 5:9 23:7 43:12 44:1
**guidance** 46:20
**guilty** 6:3 35:17 48:21

### H

**H** 1:19 2:7 17:23
**habeas** 10:15 26:19 27:18
**halfway** 31:6
**happen** 13:5 46:12
**happened** 5:17 17:18 41:5,7
**happens** 11:25 55:3
**harm** 13:5 37:4 37:5
**headlong** 48:18
**hear** 3:3
**heard** 43:5 56:24
**hearing** 8:2,5,21 8:24 9:1,2,16 9:23 17:11 27:5 28:9 29:1 30:19 31:9 34:2 38:22 46:13 49:1,2 50:5,14,19,23 51:2,14 52:8 53:4 56:25
**hearings** 51:20 51:21 55:19
**Heck** 12:22 25:1 34:23,24 35:1 35:12,18 39:16 40:17 44:21 46:16 49:8 50:19 55:13,15 56:1,6
**Heights** 1:16

**held** 8:4,6,8 9:4 18:6,22 23:13 26:22,23 27:1 36:5 45:3,10 45:20 48:11,11 48:20 50:19 52:13 55:5
**helpful** 46:19
**hesitation** 21:21
**Higginbotham** 32:17
**hold** 11:21 46:6
**holding** 10:17 25:19 26:8 51:22
**holds** 45:24
**Honor** 18:24 19:6,11,17,21 20:2,17 21:5 21:12,18 22:4 23:11 24:4,22 25:3,22 26:21 27:9,10,23 30:14 32:9 33:16,22 36:8 36:10 37:12 38:19 40:15 42:14 44:9 45:22 46:11,18 48:5,16 50:5 50:24 52:15
**Honor's** 34:14 36:15 52:1,25
**hope** 52:1
**horrible** 38:15
**hostile** 37:7,11 37:14
**hours** 8:3
**house** 23:25
**hurdles** 22:21
**hypothetical** 7:25 19:6

### I

**idea** 36:18
**ideal** 31:17
**identical** 22:1

ILANA 1:19 2:7
17:23
Ill 1:16,23
illegal 4:20,23
4:24 6:7
ILLINOIS 1:6
illustrates 13:5
immediately
38:16
immunities 21:7
immunity 20:14
20:23 21:2,15
40:10 53:24
54:9,13
important 28:5
28:13 38:13
39:11
importing 48:23
imposed 37:21
imposing 48:16
impossible
37:13 49:5
imprisoned 17:4
imprisonment
17:1,3
improper 6:2
14:23 15:24
17:17,17
improperly
17:19
incarceration
38:5
incident 30:18
include 24:21
48:7
includes 25:9
44:14
including 18:15
inconsistent
36:18
independent
5:13,19 39:24
independently
5:16
indicated 16:20
indictment
49:15 51:1

individual 26:23
33:9 40:12
41:23 56:8
individual's
7:13 23:20
53:10
individuals 21:2
39:13
information
5:20 18:19
30:18 36:6
51:1
informed 53:10
infringed 23:15
initial 3:11 15:8
29:17 37:21
51:12
initially 12:17
55:4
initiation 30:19
31:8 50:11
injury 42:6
47:23
innocence 40:4
innocent 35:17
48:21
inquiry 8:23
24:5
insofar 42:12
inspired 25:13
instance 22:3
24:8
instances 21:19
35:23 49:8
institutional
24:12
intent 39:11
54:11
intermediary
5:14 6:10
intermediate
6:10
interrupting
38:25
intervening 17:3
52:4
introduced 8:4

invited 39:17
irrelevant 56:14
issue 6:25 11:19
11:20 14:15
16:12 18:4
27:14 33:4
46:6 55:14
57:3,3
issued 46:25

_____
J
JA 30:15
jail 23:6,14
31:24,25 32:12
33:9,11 38:12
47:2
join 43:7,8
Joliet 1:6 3:4
judge 5:14 32:17
41:8 42:1
jurisdiction 6:25
jurisprudence
26:13 30:25
jury 5:14 9:2
26:25 51:20
justice 1:20 3:3
3:9,25 4:15 5:5
5:10,25 6:5,9
6:14,19 7:3,8,9
7:10,24 8:17
8:20 9:7,13,20
9:25 10:3,9,14
11:1,7,13,17
11:25 12:4,5
12:10,13 13:4
13:11 14:8,11
14:17,19,22
15:2,9,16,20
16:1,21 17:21
18:1,17 19:2,6
19:9,15,19,23
20:13 21:3,8
21:16,23 22:6
22:16 23:16,24
24:15 25:12
26:5,16 27:4
27:15,24 28:3

29:10 31:17,20
32:3,6,10 33:7
33:17 35:24
38:10 39:21
40:24 41:18,21
42:15 43:11,22
45:2 46:3 47:8
47:15,19,24
48:8,10 49:23
50:22,25 51:5
51:11 52:6,16
52:18 53:1,4
53:14,16,22
54:5,22 55:3
55:20,23 56:3
56:13 57:7

_____
K
KAGAN 13:11
14:8,11 15:16
15:20 29:10
40:24 41:18,21
42:15 43:11,22
Kagan's 13:4
26:5
Kaley 13:4 57:6
KENNEDY
7:24 8:17,20
9:7,13,20,25
10:3,9 18:17
19:2,9,15,19
19:23 27:4
50:22,25 51:5
52:6 54:5
Kennedy's
11:17 19:6
53:22
kept 36:2
kind 15:3,10,11
15:12 25:5
39:22 41:9,10
55:9
kinds 21:1 27:12
know 6:23,25
11:13 14:17
15:2,11 17:11
25:18 31:22

35:9 37:13
38:12 39:21
40:7 43:23
52:24 56:21,24
known 25:4 51:6

_____
L
label 7:18,19,21
12:19
lack 38:22
language 44:6,7
larger 6:25
Laughter 6:18
19:14 41:17
52:21
law 4:10,11 9:8
9:21 10:13
20:4 21:9,11
23:5 24:9,24
25:2,4,10,24
26:1,2 32:24
34:11,18 38:23
39:4 40:18
42:3 43:4
44:15,22 46:17
46:19,21,22
47:14,16,22
48:14,17 50:16
laws 9:21
lawyer 42:7,12
42:21 43:19
44:10,15
lead 22:12 38:3
learning 39:12
led 24:12 51:15
legal 3:14 5:9,11
5:11,12,18,21
5:21,23 7:14
7:22 8:22 9:14
14:16,19,21,23
14:25,25 16:18
16:18,24 17:2
17:13 23:22
24:3 30:2,9
let's 23:16 41:11
41:13 47:25
level 30:5

**liability** 21:6
    40:10
**liable** 20:24
**lie** 29:1 34:1
    36:10,10,10
    50:13,18
**lied** 10:16 26:20
**lies** 38:21 48:24
    49:2 50:5
**lieu** 44:21
**limit** 32:7,8
    45:15
**limitations** 4:1,7
    12:16,18 15:21
    16:11 25:16
    26:1 28:16
    31:3 32:21
    33:5 41:15
    42:23 43:1,3
    47:21,23 49:17
    50:12 54:23
    55:1
**line** 3:23
**list** 46:21
**listened** 42:13
    44:6
**listening** 45:4
**litigated** 27:14
**litigation** 12:23
    28:8 46:15
    57:4
**local** 21:9,25
**locate** 18:3
**logic** 38:3
**logical** 38:2
**long** 18:6,13
    30:19 39:25
**longer** 6:3
**longest** 45:19
**look** 4:9,11 23:7
    35:7 43:14
    45:3
**looking** 5:19
    45:14
**looks** 5:15 13:20
**lot** 32:18
**Lower** 36:23

**luck** 12:1
**lying** 33:14

**M**

**magistrate**
    20:25 22:23,23
    26:24 31:25
    32:11,12 33:10
    33:10 34:2,3
    36:11 45:4,5
    46:25
**maintain** 38:9
**making** 52:24
**malice** 24:21
    25:3,4,10,18
**malicious** 3:19
    4:3,13 6:21,24
    7:11,15 9:7,9
    9:15,21 10:8
    10:11,12 19:25
    20:15 23:22
    24:1,14,18,24
    26:10 28:20
    29:6,8 31:2,12
    32:13,23 33:18
    34:8 45:17
    47:4,5,11
**maliciously**
    31:23
**Manuel** 1:3 3:4
    20:8
**matter** 1:12 20:4
    38:18 40:17
    49:25 53:9
    57:10
**matters** 37:4
**mean** 5:5 13:24
    16:1 21:14
    22:16 25:18
    31:9,13 43:12
    43:12 44:17
    49:1
**means** 38:6
    50:12
**measure** 21:6
**mental** 35:6
**mere** 23:13

**merely** 31:7
**MICHAEL** 1:23
    2:11 28:1
**million** 54:17
**mind** 23:9 35:9
**minutes** 17:15
    53:17
**missing** 22:17
**misstatements**
    28:8 46:13
    51:14
**mistakes** 20:4
**misunderstan...**
    40:25 42:9
**moment** 33:25
    43:25 52:12
**momentarily**
    28:18
**monolithic**
    37:17
**months** 8:4,7,9
    10:10 32:12
    47:2
**Mooney** 51:22
**Morgan** 37:7
**motion** 28:14
    42:23
**municipalities**
    39:8

**N**

**N** 2:1,1 3:1
**named** 3:19
**narrow** 49:12,13
**narrower** 33:20
**narrowly** 37:10
**natural** 43:13
**nature** 31:4
    51:18
**nearly** 25:12
**necessarily**
    21:22
**need** 3:25 4:2,5
    4:6 10:8 36:19
    36:21 38:10
    39:19 40:8
    49:4

**needed** 37:6
**never** 6:1 10:16
    35:25 40:2
    47:3,3
**nevertheless**
    35:16
**Newsome** 30:24
**non-adversarial**
    9:1
**normally** 4:9,11
**note** 28:7 54:25
**notes** 30:16
**notice** 30:16
    38:8 39:9,19
    39:23 40:7,14
    40:19
**notion** 36:23
    37:23
**number** 34:21
    40:21
**numerous** 3:21
    3:21

**O**

**O** 2:1 3:1
**objective** 54:9
**objectively**
    20:22 53:25
**occur** 6:2 27:21
**occurred** 5:3
    56:20
**occurs** 51:19
**October** 1:10
**officer** 8:1 20:20
    21:6 22:2
    38:14 40:5
    53:24
**officer's** 20:19
**officers** 21:10,11
    21:25 34:1
    40:12
**Oh** 43:11
**Okay** 8:17 10:9
    45:6 47:19,24
**once** 18:12
    25:15 27:1,13
    29:22 33:8

    48:6
**ongoing** 51:15
**operation** 18:12
**opinion** 12:11
    13:4 29:14
    47:15
**opposed** 11:20
    16:6 41:2
**Opposing** 52:6
**oral** 1:12 2:2,6
    2:10 3:6 17:23
    28:1 41:4,7
**order** 8:1 10:6
    15:23 46:13
    49:20
**ought** 34:24
**oughtn't** 13:17
**outcome** 47:7
    56:13
**outset** 18:9
    50:15
**overcome** 22:20
    29:7 43:3
**overturned**
    27:23

**P**

**P** 3:1
**p.m** 1:14 3:2
    57:9
**page** 2:2 21:16
    31:5,12
**paragraph**
    29:21
**parallel** 12:23
    12:23 57:4
**Parratt** 11:10
**part** 25:16 34:17
    38:24 42:18
    44:12 52:11
**parte** 35:19
    46:24 47:13
    48:24
**particular** 7:7
    12:22 16:4
    21:19 25:21,24
    29:16 55:14

Official - Subject to Final Review

56:7
**parties** 27:5
51:2
**pattern** 42:3
**peel** 26:12
**pending** 11:22
13:9
**people** 46:7
**perfectly** 6:16
45:16
**period** 4:8,14
7:1 15:21 16:4
18:7,10 33:13
36:13,22 37:4
38:5,25 43:2,3
47:23 48:15
49:17 50:12,13
50:14,18 51:16
51:25 52:3
55:5
**periods** 33:6
**person** 10:17
12:1 27:1
29:16,18 45:3
47:1 55:4,7,8
**personal** 47:23
**pertinent** 16:7
**petition** 31:5,13
36:19 42:20
44:14
**Petitioner** 1:4,17
1:22 2:4,9,15
3:7,13 17:25
28:18 30:8
31:5 34:10,24
36:16 40:17
46:7 53:19
54:16
**Petitioners**
46:14
**phases** 26:22
**picked** 32:18,22
**picking** 25:15,20
**picture** 29:24
30:4
**piece** 21:20
**plaintiff** 27:11

35:20 49:5,7
**plaintiffs** 38:6
**please** 3:10 18:2
28:4
**point** 10:19 15:6
28:7 31:25
34:14 37:25
38:20 39:6,9
40:1 41:14
46:20 47:13
51:11 52:23
53:10 55:1,1
55:13 56:6
**pointed** 55:18
**points** 3:11
36:14 38:19
45:22
**police** 10:16
17:20 18:20
21:25 26:20
33:25 38:14
40:5 51:24
**policeman** 22:18
31:22 33:9
45:4
**policy** 42:5
**position** 41:1,2
54:18
**possibility** 12:12
**possibly** 22:1
**post-legal** 43:16
**post-process**
37:22
**potential** 35:22
38:6 40:21
**potentially**
21:21
**practical** 23:7
**precisely** 37:12
37:13
**preclusion** 27:13
**preliminary**
30:18 51:21
**prerequisites**
24:7
**present** 52:7
**presented** 7:12

22:9,10 23:18
23:25 31:6
**preserve** 39:20
**pressing** 20:21
**presumes** 9:3
**pretrial** 8:5 9:11
18:6 27:5
38:25 50:14
51:1,15,16
**pretty** 25:14
**prevail** 36:20
**price** 40:18,20
**principal** 14:2
**principle** 9:9
35:2,12 37:11
40:16
**principles** 27:13
37:2 38:24
39:5 50:16
**prior** 38:8
**prison** 22:22
**probable** 5:2,16
7:4 9:5 13:8
16:23 18:9,15
18:18,21 20:6
20:11 24:13
25:6,8 26:24
28:9 34:3
35:20 54:12
56:11
**problem** 4:1
32:20
**procedure** 18:16
**proceed** 37:6
**proceeding** 9:2
27:16 46:24
48:24
**proceedings**
41:22
**process** 3:14,16
5:9,11,11,12
5:18,21,21,23
7:14,23 8:18
8:22 9:5 10:22
11:9,18,19,24
14:16,19,23,25
16:3,6,11,16

16:18,24 17:2
17:13 23:15,22
24:3,12 26:9
27:2 29:19
30:2,10,20
31:8,9 43:16
48:6 50:11
51:21,23 54:21
55:2
**processes** 51:20
**produced** 9:23
**Professor** 38:2
**prolonged** 17:12
18:7 46:5,10
**proper** 5:10,21
5:23 7:1 16:24
34:8
**properly** 16:5
46:8 49:25
**proposal** 26:5
**prosecute** 3:16
11:20,22 16:15
**prosecution**
3:20 4:3,13,17
6:22,24 7:11
7:15 9:8,10,15
9:22 10:8,12
13:3,6,10
19:25 23:23
24:1,11,14,18
24:25 26:10
28:20 29:6,8
31:2,12 32:14
32:23 33:18
34:8 45:17
47:3,4,5,11
56:18
**prosecutor**
20:25
**prosecutorial**
51:24
**protected** 54:1
**protections** 27:3
40:11
**protects** 35:17
**prove** 35:21
47:11

**proves** 37:9,19
**provide** 46:21
**provides** 32:25
**provision** 7:7
11:19
**proximate** 38:24
39:5 50:17
52:5
**purchased** 40:18
40:20
**purposes** 33:8
37:5,18
**pursuant** 3:14
14:16 22:25
26:23,23 27:1
**pursue** 19:7
**pursuit** 22:11
**puts** 20:20 22:22
23:12 31:24

**Q**

**qualified** 20:14
20:23 21:15
40:10 53:24
54:8,13
**question** 4:10
6:5,6 7:12
11:14 14:3,14
14:14 15:7,8
18:18 23:18,24
26:19 30:11
31:6,18,21
33:17,19,20
34:7,14 36:12
36:15 43:25
44:22 46:22
52:2,4 53:22
54:19
**questions** 13:12
17:8 30:6
**quite** 22:17
**quote** 42:18,20
44:12,13

**R**

**R** 3:1
**raised** 14:15

Alderson Reporting Company

Case 1:16-cv-00103-TWP-MJD   Document 50-23   Filed 02/13/17   Page 66 of 69 PageID #: 1158
Official - Subject to Final Review

66

raising 9:19
  36:24
ramifications
  22:15
ranks 39:13
reach 54:23
reached 28:22
reaches 27:6
read 29:11
  30:21 41:3
  56:6
reading 11:17
realize 35:7
really 4:23 9:5
  9:17 11:23
  14:2 37:8
  56:11
reason 8:25 18:5
  23:4,7 28:12
  29:22,23 32:15
  35:13 36:25
  40:15 44:1
  49:7 53:7
reasonable 19:4
  19:10 20:3,22
  27:2 53:23
  54:1
reasonableness
  54:10
reasons 12:21
  38:11 39:19
  42:5 56:20
  57:5
REBUTTAL
  2:13 53:18
receive 39:22
received 5:21,22
  6:1
receiving 40:14
recognition 9:14
  12:7
recognize 29:4,8
  41:19
recognized
  18:13 41:9
  44:19
recommended

39:16
recoverable
  50:18
recovery 38:13
reduced 52:3
reference 4:11
  27:7 44:14
referencing
  16:11
referring 21:13
regard 4:24
  37:23 51:18
regardless 5:6
reiterated 28:21
reject 54:20
rejected 30:13
  36:23
relabeling 31:1
relates 21:19,20
release 9:24
  12:9 45:18
released 10:19
  12:8,15 36:13
  45:12 47:3
  54:18
reliance 34:11
relied 20:9
  34:21
remaining 53:17
remains 17:5
  33:25
remedy 21:24
reply 34:24
  42:19 44:12,13
report 30:18
represented
  27:6 51:3
request 34:23
  46:16
requests 40:17
require 37:12
  42:3
requirement
  26:14 35:19
requires 18:7
requiring 35:20
reserve 17:7

resolve 49:12,13
respect 54:3,25
Respondents 1:7
  1:24 2:12 28:2
response 11:14
  14:14 26:18
  36:14 45:23
result 22:12
  23:6 27:6 28:8
result-oriented
  25:14
results 9:23,25
return 52:23
returns 51:11
Ricks 37:3
right 4:17 5:5,7
  6:23,23 7:5,8
  7:13 10:5 11:1
  11:2,4,9,9,12
  17:7 18:4
  22:16 23:10,14
  23:16,21,24
  31:8 33:3 44:5
  49:6 52:14
  53:11 54:15
rights 4:20
  10:23
Riverside 17:13
road 38:7
ROBERTS 3:3
  3:25 4:15 5:5
  7:10 11:7,13
  16:1 17:21
  25:12 27:24
  52:16,18 53:1
  53:4,14,16
  57:7
Rodriguez 17:14
role 20:19
Rothgery 53:8
rotten 23:3
Rovner 41:8
rule 24:25 27:16
  37:9,20
ruled 10:21,21
rules 21:7 25:23
ruling 3:24

run 36:13 38:23
  41:15 48:3,18
  49:15 51:16
  52:2
running 48:2,7
runs 37:1,1
  50:10,13

_____

S

S 2:1 3:1
satisfy 43:1
saying 14:22
  15:14 21:24
  22:7 30:8
  32:18 42:10
  43:22 44:15,17
  49:23 50:7
says 7:12 13:13
  29:15,15,21
  30:1 32:12
  33:11 41:8,13
  42:1 43:19
  45:24
Scodro 1:23
  2:11 27:25
  28:1,3 29:10
  30:14 32:2,5,9
  33:4,16,22
  36:8 38:19
  40:15,24 41:20
  42:11,17 43:21
  44:9 45:22
  46:11 47:10,17
  47:22 48:5,9
  48:16 50:4,24
  51:4,10 52:9
  52:17,20,22
  53:3,6,15
scope 26:4
search 4:21,24
  4:24 5:3 17:16
  22:19 25:9
search/seizure
  22:25
second 3:15
  36:10 37:14
  56:23

Section 13:15
  19:1 21:22
  24:8
see 24:21 26:21
  31:25 36:3
  46:9
seeking 45:1
seizure 7:14
  17:17,17,19
  23:21 24:3
  29:17 36:17,22
  36:24 37:24
  38:3,4 51:15
  51:17
send 13:18,22
  14:4 44:2
sense 7:21 9:3
  16:12 19:7
  43:15
serves 47:2
set 4:7 11:5
  53:12
seven 17:15
Seventh 3:23
  13:13,18,25
  18:11 26:3,7
  26:13 28:10,12
  28:21,22 29:13
  29:14,25 30:13
  30:23 31:1,10
  34:4 41:3
  42:18 43:24
  44:2,4 50:9
  54:3,14,20,25
shake 39:5
shifted 34:10
shortly 55:6
show 25:17
  46:15 47:6
  49:4
side 34:13,15
similar 27:13
simple 22:18
  35:13
simplest 49:22
simply 24:23
situation 27:20

Case 1:16-cv-00103-TWP-MJD   Document 50-23   Filed 02/13/17   Page 67 of 69 PageID #: 1159
Official - Subject to Final Review

67

40:8 53:24
54:2 55:4
situations 39:23
six 8:9 10:9,10
18:22 47:2
Sixth 52:13,13
53:11
slightly 33:24
34:11
smaller 34:21
solely 14:15
38:14 48:24
Solicitor 1:19
somebody 11:21
11:21 38:11
soon 17:2
sooner 39:12
sophisticated
13:7
sorry 14:18,20
52:16
sort 21:7 55:18
SOTOMAYOR
5:10,25 6:5,9
6:14,19 7:3
11:25 12:4
14:19,22 16:21
23:16 24:15
27:15 38:10
39:21 54:22
special 21:20
speculate 56:9
split 14:1 34:13
34:16
stage 32:11
standard 20:6
21:9,11,14,14
25:9,10
standards 23:9
STANLEY 1:16
2:3,14 3:6
53:18
start 25:20
started 15:1
starting 15:5
starts 6:6
State 4:7,8,8,10

9:20 10:7,12
12:25 21:9,25
24:19,19,24
25:4 26:2
27:14,15,16,18
32:24 39:9
40:11 42:3
45:15 47:13,16
47:22 48:14
stated 57:6
statement 30:23
statements
30:22
States 1:1,13,21
2:8 9:8 17:24
39:7,22 42:5
statue 25:16
26:1 28:15
31:3 41:14
47:21
statute 4:1,6
12:16,18 15:20
16:11 28:15
32:21 45:15
54:23 55:1
stay 32:12 33:11
step 24:5,6
stepping 6:11
Stewart 46:25
stop 13:16 17:15
22:18 23:17
26:17
stops 18:12 26:8
26:18
straightjacket...
7:6
stuff 13:25
subject 5:9,10
16:18 20:23
38:23 40:22
50:15
submit 34:1
submitted 57:8
57:10
subsequent
51:19
successful 47:6

suddenly 8:10
sue 19:1 22:20
sues 47:4
sufficient 18:20
43:1
suggesting 24:15
38:21 39:2
suggestions 3:21
suggests 44:8
suing 10:4
suit 20:24 24:7
24:14 42:22
56:2
superimpose
54:13
support 42:19
44:12,13
supported 18:8
supporting 1:21
2:8 17:25
supports 3:22
suppose 18:17
26:19 27:4
50:23
suppression 8:5
9:11 27:5 51:2
55:19
Supreme 1:1,13
sure 14:11 22:14
36:9 43:21
51:10
survived 28:17
survives 31:8

_____
T
T 2:1,1
take 6:17 24:16
25:13,17,18
27:3 39:17
46:25
taken 25:1 38:2
takes 22:22
talked 6:24
talking 7:19
16:14,17 19:25
40:9 48:25
53:1

tape 44:6
Taylor 11:10
technically 5:2
tell 15:12 29:11
40:5,25
tells 34:9,10
37:9 41:5,7
ten 41:8,11
tend 32:15
tenth 3:24 37:15
term 38:22
terminate 11:8
terminated 4:18
10:9 41:22
46:16
termination
4:14,16,25
10:6 26:14
28:19 31:16
34:12,16,20
35:3 36:20
42:4,5 43:10
43:20 47:12
48:17,23 49:5
49:18 55:2,11
56:18
terms 20:18 25:3
25:25 30:17
testimony 27:18
Thank 17:21
27:24 52:20,22
53:13,14,15,21
57:7
theory 12:2,14
43:2
thing 30:7 44:2
45:11
things 25:20
think 6:20 12:20
13:4,17,19,21
14:1,14 16:9
17:9 18:3 19:6
19:8,12,18,22
20:2,10,17
21:5,18,24
22:8,13 23:18
24:22 25:4,10

25:22,25 26:6
26:12,17 27:10
28:5,6 30:14
31:10,20 32:15
33:24 34:4,13
34:18 35:24
36:25 37:23,25
38:13 41:5,14
41:24 42:11
43:11,24 44:1
44:10 46:11
47:17 50:9
55:18 56:5,7
thinking 6:20
thinks 29:15
third 3:18 47:1
thought 5:25
7:11 14:11
21:8 26:9
31:21
three 3:11 8:4
47:1 53:17
54:16
tied 56:17
time 6:1 17:8
26:9 29:7,15
32:7,8 33:25
41:21 48:15
49:20 50:22
52:12 55:5
56:20,21
time-barred 4:4
timely 39:3
today 43:18
told 13:23,25
tolling 50:13
top 30:15
tort 3:19 9:21
24:8,23,24
34:18 36:6
42:2 44:19,20
50:8,16
total 40:9
traditional 37:2
38:23 43:2
50:16 51:21
52:5

Case 1:16-cv-00103-TWP-MJD   Document 50-23   Filed 02/13/17   Page 68 of 69 PageID #: 1160
Official - Subject to Final Review

68

**traffic** 17:14
**transcript** 41:6
　42:15,17
**treat** 25:6 37:17
**treating** 50:8
**treats** 25:8
**trial** 8:7,20
　10:23 11:22
　23:2 26:23
　27:2 33:13
　51:7 55:6,6,8
　56:10,14
**tried** 40:5
**trigger** 12:16,17
**true** 5:20 25:19
**trumped-up**
　36:5
**trying** 43:7
　44:16 48:14
**turned** 39:18
**turning** 39:15
**turns** 10:15
　29:22 31:15
**twice** 29:14,25
**two** 4:7 8:7 24:6
　28:22 32:12
　38:19 45:9,13
　45:14,17,18,20
　45:22 46:5
　47:23 48:3
　56:20
**two-year** 48:2
　49:17
**twofold** 36:25
**type** 7:20
**typical** 37:11

**U**
**ultimate** 38:5
**ultimately** 36:13
　46:15 49:3
**unable** 47:6
**unconstitutio...**
　15:16 38:17
**underlying** 25:7
　25:8 34:17
**understand** 4:2

13:12 22:7
23:17 24:17
42:13 52:6
**understanding**
6:14 28:14
43:13
**understood** 5:12
22:14
**unfair** 56:8
**unique** 40:8
**United** 1:1,13,21
2:8 17:24
**universe** 35:22
49:20
**unlawful** 3:14
10:19 12:14
40:22 55:21
56:16
**unlawfully**
45:20 48:11
**unreasonable**
7:14 19:8
20:13,22 22:11
22:18,19,25
23:21 45:5
**unreasonably**
22:24
**untimely** 29:3
**untoward** 38:17
**urge** 49:21
**use** 13:7 32:21
33:18 55:13
**uses** 55:2
**Usually** 11:17

**V**
**v** 1:5 3:4 11:10
**valid** 18:8 55:7
**validly** 40:23
**variety** 18:14
**various** 16:22
**vehicle** 31:17
**victim** 49:1
**view** 24:5,13
26:3 27:22
54:21
**viewed** 23:5

**vigorously** 40:4
40:4
**vindicate** 48:19
49:7
**vindication**
35:21
**violate** 32:13,14
54:11,12
**violated** 4:20
10:23 16:16
**violates** 32:6,19
**violating** 22:19
39:13
**violation** 7:2
8:12 16:25
17:6 18:23,25
19:3,12,19
23:1 27:8,11
28:10,15 33:13
34:5 50:4 51:8
51:19 54:6,8
54:20
**violations** 21:25
**virtue** 43:3 52:3

**W**
**Wallace** 4:9,12
5:13 6:24 7:19
17:2 25:1,19
25:23 34:9,10
35:1 37:20,21
37:22 39:7,15
45:24 48:6
49:8 50:19
**want** 12:23,24
12:25 13:1
15:9 23:7
25:17 39:1
44:18 50:7
52:23 54:24
56:23 57:4
**wanted** 22:13
**warrant** 25:9
47:2
**warrantless**
51:13
**Washington** 1:9

1:20
**wasn't** 14:11
**way** 6:20,21
10:21 17:13
25:7 29:19
30:22 35:10
37:18 43:13
49:12,13,22
50:9
**ways** 16:22
18:14 26:6
37:9 40:10
**we'll** 3:3 48:1
**we're** 7:2 9:19
9:19 11:11
15:10 16:14,15
16:17,19 25:18
34:19 38:20
39:1 40:9
45:14 46:1
48:13,13,14,25
54:19
**we've** 14:14
**Wednesday** 1:10
**week** 33:12
**weeks** 10:10
18:22
**went** 5:8 35:6
**wholesale** 44:20
**willing** 37:17
**wish** 6:17
**Woods** 42:1
**words** 13:20
**work** 37:8,11,14
**workplace** 37:16
**works** 13:2,9
**worry** 40:13
**would-be** 38:8
39:19 40:19
**wouldn't** 20:14
22:4 36:21
43:23 46:12
55:22
**wrong** 13:17,23
19:7,7,8,9 27:6
29:12 30:8
35:25 36:2,4

42:10 45:21
**wronged** 35:9
**wrongful** 22:11
24:11,11 49:9
**wrongly** 18:21
31:22

**X**
**x** 1:2,8

**Y**
**yeah** 15:18
21:23 44:9
53:6
**years** 4:7 38:7
38:15 45:13,14
45:17,18,20
47:23 48:3
54:16,17,17

**Z**

**0**

**1**
**1:00** 1:14 3:2
**10** 38:7
**103** 30:15
**12** 46:20
**12th** 48:3
**14-9496** 1:4 3:4
**15** 38:7
**17** 2:9
**1983** 6:25 13:16
19:1 21:22
22:12 24:8,21
24:23

**2**
**2:03** 57:9
**20** 38:7
**2001** 30:24
**2011** 41:25
**2016** 1:10
**21** 31:5,12
**28** 2:12

**3**

Official - Subject to Final Review

**3** 2:5
**30** 21:16,17
**31** 21:17

**4**

**4** 41:25
**41st** 48:11
**48** 5:8 8:3 39:4
**4th** 44:24

**5**

**5** 1:10
**53** 2:16

**6**

**7**

**7** 55:19

**8**

**9**

**90** 45:10,11 48:7
**90th** 45:12 47:25
  47:25 48:2
**91st** 45:12